In the Matter of the Dependency of Wayne Allen Rosmis and Denice Marie Rosmis. (Veronica Rosmis, Appellant.)

Gen. No. 11,354.

Second District, Second Division.

June 13, 1960.

Farrell and Kelleghan, of West Chicago, for appellant.

Hon. William J. Baur, State's Attorney, Wheaton, for appellee.

SOLFISBURG, P. J.

By virtue of a decree of divorce entered June 26, 1957, the defendant, Veronica Rosmis, was awarded custody of her two minor children, Wayne Allen Rosmis, born August 24, 1950, and Denice Marie Rosmis, born August 22, 1953, and the defendant, George Rosmis, was ordered by the divorce decree to pay to his former wife $30 per week support for these children. At the time of this dependency proceeding (filed pursuant to Chapter 23, Section 2009, Ill. Rev. Stats.), the father was $2,200 in arrears in support payments. This action arose as a result of these children having left their mother's home in Warrenville, DuPage County, Illinois, on March 3, 1959, while their mother was at work and they were unattended, to go to their father's home in Wheaton, Illinois, some five miles away.

This proceeding commenced with the filing of a petition in the County Court of DuPage County, Illinois, by the State's Attorney of DuPage County, Illinois, alleging in substance that the two Rosmis children, then ages 5 and 8, were dependent children within the meaning of the cited statute and had not had proper parental care or guardianship. This petition prayed that the children be placed under the guardianship

of some proper person or institution appointed by the court with power to consent to their adoption. The parents entered their general appearance in the action and were represented by counsel at the hearings. At a preliminary hearing on March 4, 1959, the County Court awarded temporary custody of the children to George Rosmis, the father, pending investigation of the matter and a full hearing. On June 10, 1959, the court began the trial of the case without a jury. The State called as a witness the probation officer of Du-Page County whose only testimony was that she had investigated the subject matter of this proceeding, that she did not know Mrs. Rosmis until this case arose, that since that date she had heard from various neighbors and people living in Mrs. Rosmis' building that she keeps late hours. A written report of the probation officer was presented to and read by the court and by all the counsel in the case but was not made a matter of record. Counsel for the defendant-appellant, Mrs. Rosmis, objected to the failure to make the report a matter of record and to the denial of his right to cross-examine the probation officer either on her testimony or on her written report.

The defendants produced certain witnesses, five of whom testified that in the custody of their mother the children were well-cared for, well-behaved, clean, well-dressed, and properly disciplined, and that to their knowledge Mrs. Rosmis was a good mother. In her testimony, Veronica Rosmis admitted that she had left her children unattended upon occasion when she was obliged to work and the services of a baby sitter were not available, and further that she believed that she had made a mistake when she had considered her wages more important than staying with her children.

At the conclusion of the hearing the court on July 7, 1959, entered an order which found that Wayne Allen Rosmis and Denice Marie Rosmis were depend-

ent children, ordered that the probation officer for DuPage County, Illinois, be guardian of the person of said children, further ordered that said children be placed in the care and custody of their father, George Rosmis, ordered that Veronica Rosmis, the mother, be granted reasonable rights of visitation, and finally ordered that the court retain jurisdiction of the subject matter of the cause. The court made no finding that the defendant-appellant, Veronica Rosmis, was an unfit or improper guardian or that she was unable or unwilling to care for, protect, train, educate, or discipline these children or that she had consented to such order. Thereafter, the defendant-appellant, Veronica Rosmis, appealed from the order entered July 7, 1959.

No questions are raised on the pleadings. It is the contention of the defendant-appellant, Veronica Rosmis, that the County Court of DuPage County, did not find in its order, minutes, or otherwise, that Mrs. Rosmis consented to the order appealed from, or was an unfit or improper guardian, or was unable or unwilling to care for her children, as required by the statute referred to hereinabove, and, therefore, the County Court did not obtain jurisdiction and its order appointing a guardian and depriving the mother of custody is null and void. It is also the position of the defendant-appellant that reversible error was committed, first, because the court's order, adverse to the mother, was based upon hearsay statements contained in a confidential report made to the court but not included in the record, and, secondly, because counsel for defendant-appellant was denied the right to cross-examine the probation officer either on her testimony or on her confidential written report to the court. No brief has been filed on behalf of the People of the State of Illinois or the other parties herein except the defendant-appellant, Veronica Rosmis.

Section 2009, Chapter 23, Ill. Rev. Stats., provides in pertinent part as follows:

"If the court shall find any child under the age of 18 years to be dependent or neglected within the meaning of this Act, the court may allow such child to remain at its own home subject to the friendly visitation of a probation officer, and if the parent, parents, guardian or custodian consent thereto, or if the court shall further find that the parent, parents, guardian or custodian of such child are unfit or improper guardians or are unable or unwilling to care for, protect, train, educate or discipline such child, and that it is for the interest of such child and the people of this State that such child be taken from the custody of its parents, custodian or guardian, the court may make an order appointing as guardian of the person of such child, some reputable citizen of good moral character and order such guardian to place such child in some suitable family home which such guardian may provide for such child or the court may enter an order committing such child to some training school or industrial school or to some association embracing in its objects the purpose of caring for or obtaining homes for neglected or dependent children, which association shall have been accredited as hereinafter provided."

 The County Court in this case did not make a finding that the mother of the children in question consented to that court's order of July 7, 1959, and did not find that she was an "unfit or improper" guardian or "unable or unwilling to care for, protect, train, educate, or discipline" such children. When the court is exercising a special statutory jurisdiction, as in the case of a proceeding to declare a child a dependent and neglected child, there is no presumption

of jurisdiction, Oeth v. Erwin, 6 Ill.App.2d 18, 126 N.E.2d 526. The record must show on its face that the case is one where the court has authority to act and if the record fails to so show, the order or judgment of the court is without jurisdiction and void, Keal v. Rhydderck, 317 Ill. 231, 236, 148 N.E. 53. The findings required by the statute are mandatory and jurisdictional, and we must hold that since the order appealed from fails to contain the required findings, the court was without jurisdiction to enter that order.

██ We would point out that while it has long been the custom in proceedings of this kind for the court to avail itself of confidential reports from probation officers and public welfare officers and not to make these reports a part of the record nor permit cross-examination of the authors of such reports, the decisions make it clear that such constitutes reversible error. A thorough discussion of the applicable authorities will be found in the opinion rendered in Williams v. Williams, 8 Ill.App.2d 1, 130 N.E.2d 291. In that opinion the court points out that the declared policy of the law in this state is that, exclusive of certain matters of which the court may properly take judicial notice, the deliberations of the trial judge must be limited to the record made before him in open court. In addition, the probation officer or other person rendering a report to the court should be subjected to cross-examination. It is manifest that the trial judge in this case was motivated only by a desire to see to the proper care of these children, but in our view under the authorities the cause must be remanded for further proceedings consistent with this opinion.

Reversed and remanded.

CROW and WRIGHT, JJ., concur.