(No. 41080.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
FRANK WRIGHT, Appellant.

*Opinion filed May 28, 1969.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago,
(HERBERT BECKER, NORMAN W. FISHMAN, and JAMES J.

458

Doherty, Assistant Public Defenders, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane, and Michael D. Stevenson, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice House delivered the opinion of the court:

The defendant, Frank Wright, was found guilty of the unlawful possession of heroin following a bench trial and was sentenced to imprisonment for a term of 3 to 5 years. He now appeals on constitutional grounds.

The defendant was arrested about 6:30 A.M. on October 11, 1966, at a restaurant at 319 East 47th Street in Chicago by Officer Cantrell of the Chicago Police Department. Cantrell testified that he was in the vicinity of the restaurant when an informer told him that a man by the name of "Frank" was in the restaurant and had narcotics in his possession. The informer described Frank as a male Negro about 6' 2" tall and dressed in brown with a "quo vadis" hair cut. Cantrell stated that he had previously received information from this informer and as a result had made 14 arrests resulting in approximately 10 convictions.

After talking to the informer, Cantrell entered the restaurant and recognized the defendant out of the 12 people present. He approached the defendant and asked him if his name was Frank. When told that it was, Cantrell informed the defendant that he was under arrest for a narcotics violation. The defendant consented to a search of his person, whereupon he was frisked and told to step outside. Once outside Cantrell searched the defendant more thoroughly and found five packets of heroin in his shirt pocket.

The defendant's testimony conflicted with that given by

Cantrell. Defendant remembered being in the restaurant at 10:30 P.M. on October 11, 1966, when he was approached by Cantrell, and stated that he was taken outside of the restaurant and searched against his wishes. He admitted wearing a "quo vadis" hair cut at the time of his arrest. At the trial it was stipulated that the substance recovered from the defendant as a result of the search was heroin.

Defendant contends that his arrest and search were unlawful. As a basis for this contention, he alleges that the informer's reliability was not proved at trial; that there was no corroboration of the informant's reliability; that the officers lacked probable cause for his arrest and search; and that the officers had adequate time within which to obtain a warrant for the arrest and search.

An arrest by a police officer without a warrant is proper if the officer has reasonable grounds for believing that the person to be arrested has committed a criminal offense. In *People* v. *Durr*, 28 Ill.2d 308, we held that such reasonable grounds may be supplied by information from an informer of established reliability. This informer had given information which was the basis of approximately 14 arrests and 10 convictions, and he also gave an accurate description of the defendant to Cantrell. Such evidence adequately establishes the informer's reliability (*People* v. *Fleming*, 33 Ill.2d 431; *People* v. *McCray*, 33 Ill.2d 66), and shows that the defendant was lawfully arrested. (*McCray* v. *Illinois*, 386 U.S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056.) We are of the opinion that reasonable grounds for the arrest did exist and that such grounds were furnished by a reliable informer.

Having found the arrest to be valid, we next consider the defendant's claim that the search was improper because a warrant was not obtained. In *United States* v. *Rabinowitz*, 339 U.S. 56, 94 L. Ed. 653, 70 S. Ct. 430, the Supreme Court held that a reasonable search, incident to an arrest, could be conducted without a search warrant. The test is

not whether it is practicable to obtain a warrant, but whether the search was reasonable, which in turn depends upon the facts of each case. Under the facts of this case, we are of the opinion that the defendant was properly searched as an incident to his arrest in a reasonable manner. *Cooper* v. *California* (1967), 386 U.S. 58, 17 L. Ed. 2d 730, 87 S. Ct. 788.

Defendant maintains that the State's failure to call Cantrell's partner as a witness casts a serious doubt on the defendant's guilt and warrants the conclusion that the State's case against the defendant was very weak. This argument is without merit. The defendant had the burden of proof on the motion to suppress, and he failed to call the officer as a witness.

Defendant concludes his brief with the claim that lengthy examinations of various witnesses by the court were improper and prejudicial to his case. It appears that the court questioned the defendant and Cantrell in an effort to obtain the truth and accuracy of certain statements given by the defendant. We have often held that the propriety of this type of questioning must be determined by the circumstances of each case and rests largely in the discretion of the examining judge. We are of the opinion that the court did not exceed the bounds of propriety since there is nothing in the record to indicate that the examination was conducted in a rude or prejudicial manner, nor was the court's action prejudicial to defendant's case since the cause was tried without a jury and the danger of prejudice thereby lessened. *People* v. *Palmer,* 27 Ill.2d 311.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.