**People of the State of Illinois, Plaintiff-Appellee,
v. Ellis Townsel, Defendant-Appellant.**

**Gen. No. 53,674.**

First District, Third Division.

April 16, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (George L. Lincoln and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant, Ellis Townsel, was charged with the theft of an automobile. After a bench trial, he was convicted and sentenced to a term of one to three years. Defendant's sole contention on appeal is that the trial court erred in denying his motion to suppress the evidence. Because of the nature of the argument on appeal, it is necessary to note only the evidence adduced at the hearing on the motion to suppress the evidence.

On May 20, 1968, Officer Victor Ross of the Chicago Police Department responded to a radio call that three men were creating a disturbance by shouting from a 1960 brown Chevrolet at 120th and Indiana in Chicago. As the officer drove up to the area, he observed the automobile with its windows rolled down. The male occupants of the auto were shouting at a woman who was standing some distance away. The woman was return-

ing the shouts and all were using loud and profane language. The men in the car were holding a large poster picture of the woman and were threatening to destroy the picture; the woman was telling them not to do so. After the officer heard the shouting and observed the scene, he approached the auto and asked the three occupants for identification. Defendant was seated in the driver's seat and was sleeping. The officer asked the other two men for any type of identification, but since defendant was in the driver's seat he was asked for a driver's license or proof of ownership; defendant was unable to provide either. The officer arrested the three men and the woman, charging them with disorderly conduct. He returned to his squad car, checked a list furnished to him by the police department and ascertained that the automobile was stolen. Wylie Russell, one of the occupants of the auto, testified at the hearing that they had driven the woman to the area, were waiting for her to return and that there was no shouting. Defendant's motion to suppress was denied, and the trial followed.

On this appeal, defendant contends that the trial court erred in denying his motion to suppress the evidence. He argues that he was illegally arrested for disorderly conduct, urging first that the officer did not have probable cause to arrest any of the occupants in the car because none of them were engaged in disorderly conduct. Defendant also argues that even if the other occupants were legally arrested, he was not because he was sleeping when the officer came up to the automobile. He contends that as a result of the illegal arrest, any subsequent evidence was tainted and could not be used against defendant.

 The Criminal Code, Ill Rev Stats 1969, c 38, § 107–2(c) provides that a peace officer may arrest a person when:

"He has reasonable grounds to believe that the person is committing or has committed an offense."

The term "offense" includes misdemeanors as well as felonies. People v. Barbour, 108 Ill App2d 334, 247 NE 2d 634 (1969). And whether reasonable grounds exist depends upon the facts and circumstances of each case. The People v. McCrimmon, 37 Ill2d 40, 224 NE2d 822 (1967). In The People v. Macias, 39 Ill2d 208, 234 NE2d 783 (1968), the court held at p 213:

". . . the test of probable cause is whether a reasonable and prudent man in possession of the knowledge which has come to the arresting officer would believe the person to be arrested is guilty of the crime; that it is something less than evidence that would result in conviction and may be founded on hearsay evidence; that it is based upon the factual and practical considerations of everyday life upon which reasonable and prudent men, not legal technicians, act."

■ ■ In the instant case the arresting officer had received a complaint that three men in an automobile were causing a disturbance. When he arrived at the scene, he observed and heard the men in the auto exchanging obscenities with a woman standing some distance away. Clearly these actions constituted disorderly conduct, and the officer had reasonable grounds to make the arrests. Moreover, under the facts and circumstances of this case, he also had probable cause to arrest defendant. While defendant was sleeping at the moment the officer stepped up to the automobile, he had received a complaint which stated that three men were disturbing the peace, and it was reasonable for him to believe that defendant had been engaged in disorderly conduct. Having legally detained defendant, the informa-

tion which subsequently came to the attention of the officer was proper and involved no violation of defendant's rights.

A case cited by defendant, United States v. Ruffin, 389 F2d 76 (7th Cir 1968), is distinguishable from the instant case. In that case the court found that the initial arrest was improper because it was based merely on an observation by the officer of one of the defendants running through a parking lot. In the instant case, the officer not only received a report about a disturbance but also observed the commission of an offense.

■ ■ Defendant also argues that the officer's demand for a driver's license or proof of ownership constituted an illegal search of defendant. We do not agree that a search occurred. A search implies a prying into hidden places for that which is not open to view. People v. McCracken, 30 Ill2d 425, 197 NE2d 35 (1964). After a legal arrest, the officer had the right to ask the party seated in the driver's seat for identification. Moreover, even if the request to see a driver's license could be deemed to be a search, the law prohibits only unreasonable searches, and whether a search is reasonable depends upon the facts of each case. The People v. Wright, 42 Ill2d 457, 248 NE2d 78 (1969). Clearly the actions of the officer in the instant case were reasonable and his demand for identification was proper.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.