WANDA CANNELLA, Plaintiff-Appellee, *v.* JOSEPH CANNELLA, Defendant-Appellant.

(No. 70-200; )

Second District—May 24, 1971.

Berry, Simmons & Coplan, of Rockford, for appellant.

Patrick H. Sreenan, of Rockford, for appellee.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant appeals an order modifying a divorce decree requiring him to convey his interest in the family home to his former wife. On appeal it is contended that (1) an agreement between plaintiff and defendant, whereby defendant was to convey his interest in the marital home, was not performed by the plaintiff and therefore was unenforceable by the trial court and (2) opposing counsel was improperly permitted to testify.

Plaintiff and defendant were divorced on September 9, 1968, the decree awarding plaintiff custody of their three children, the household goods, attorney's fees, and "temporary sole possession of the marital home." Alimony was waived but defendant was ordered to pay $45 per week child support. The decree did not settle the property rights of the parties with relation to four outstanding obligations including the balance due and owing on the contract purchase of the marital home.

Thereafter, plaintiff filed a petition for rule to show cause alleging defendant was in arrears in child support and attorney's fees. (Edwin T. Powers, Jr., represented defendant and Patrick H. Sreenan represented plaintiff.) The record contains no transcript of this hearing but the order entered on December 6, 1968, held defendant in contempt for failure to pay attorney's fees and directed him to pay the fees on or before February 6, 1969, or a *capius ad respondum* would issue. No reason was recited for the sixty day stay in enforcement.

In an attempt to settle the property rights of the parties, Louis R. Gilbert, Power's law partner, on December 10, 1968, wrote Sreenan stating the defendant had signed a blank quit claim deed which would be used in the conveyance of the marital home, the same to be delivered upon proof of release of the four debts. On March 12, 1969, Gilbert wrote that he was still in possession of the quit claim deed, that he believed all obligations except a $500 note to "Donald R. Johnson" were released, and that defendant would demand return of the deed on or before March 17, 1969, if plaintiff did not "take care of the Johnson loan immediately."

On May 7, 1969, plaintiff's counsel wrote Johnson's attorney enclosing an installment note executed by plaintiff. The letter stated that Gilbert (as defendant's representative), was to forward the quit claim deed to the recipient of the letter and requested that, upon receipt of the same, he mail the deed to Sreenan. A copy of this letter was sent to Gilbert. Five days later, defendant dispensed with the services of the Gilbert firm.

On February 2, 1970, the defendant, through new counsel, filed a petition requesting that the court sell the marital home and divide the proceeds. The petition claimed that the contract seller had served him with notice of intent to forfeit because of default in payment of two monthly installments. The plaintiff answered admitting the default but asserted that payments were then current. She also countered with a petition for a rule to show cause based upon defendant's present arrearages and further, alleged that during the hearing on her original petition for rule to show cause (December 6, 1968), defendant, through his attorney, represented in open court that the quit claim deed was executed and in the mail to the plaintiff; that it was because of this representation the court had granted the defendant an additional 60 days within which to purge himself.

At this hearing (March 9th), defendant called Gilbert who testified that defendant had agreed to the conveyance in exchange for release from the debts, in an effort to avoid bankruptcy; that he did not recall receiving a copy of plaintiff's May 7th letter to Johnson's counsel; that his partner had never mentioned any agreement arising out of the hearing on the original petition for rule to show cause (December 6, 1968), but that plaintiff's counsel had mentioned such an agreement to him.

Defendant testified that he and his ex-wife owed Johnson $500, were indebted to a bank on two notes and to a savings and loan on the real estate contract. He produced several past due notices on the bank notes and the notice of intention to forfeit the real estate contract. On cross-examination he admitted that, from the time of the divorce, he had made no payment on any of the four debts.

Plaintiff testified that, by the time of the hearing, she had made all payments which had been due on the four debts; that she had signed a personal note to replace the joint note to Johnson, and that she was paying on it at the rate of $20 per month.

At this point, Sreenan (plaintiff's counsel) took the stand. In response to defendant's objection, he argued that he had not been aware that Gilbert would testify and he felt only he could rebut such testimony. Sreenan testified that the agreement in question arose at the December 6th hearing and that Gilbert's letter of December 10th was a result of the agreement; that he had advised Gilbert of his partner's action in open court; that he responded to Gilbert's March 12, 1969, letter by a telephone call saying his client was unavailable, but that he would personally guarantee the Johnson debt until his client's note could be delivered; that he then wrote plaintiff a letter on March 28, 1969, directing her to sign an enclosed note and forward it to Johnson's counsel (Sreenan's statement that this letter and note had been lost in the mail was stricken); that he prepared a second note, sent a copy to Johnson's counsel and that a copy of the latter forwarding letter was sent to Gilbert.

■■ Defendant first argues that the alleged agreement of conveyance was unenforceable because the plaintiff had not, on her part, performed all of the conditions prior to his withdrawal of the offer on March 17, 1969. The record reveals no merit to this claim. Defendant admits that, from the date of the decree (September 9, 1968) to the time of the last hearing (March 9, 1970), he made no payment toward any of the joint obligations. The evidence indicates that the March 17, 1969, deadline was extended through negotiations of counsel as well as by conduct of the parties. Defendant further argues that complete performance on the part of the plaintiff is lacking because she has failed, even to the present time, to return the original note executed by him and given to Johnson. This contention is also without merit since the offer did not call for the return of the original note, only that defendant be released from liability thereon. The latter was accomplished by plaintiff's execution of the second note and by Johnson's cancellation of the first note under which the defendant was liable.

■■ Even without the agreement of conveyance, the trial court could properly have ordered defendant's interest in the marital home conveyed to the plaintiff. The facts in the record disclose sufficient equities for such order. See, *Lemanski v. Lemanski* (1967), 87 Ill.App.2d 405, 410-411, app. den. and cert. den., 393 U.S. 20, 21 L.Ed.2d 21, 89 S.Ct. 52; reh. den. 393 U.S. 956, 21 L.Ed.2d 370, 89 S.Ct. 381 (1968).

■■ Finally, defendant contends that the trial court erred by allowing Sreenan, plaintiff's counsel, to testify in the cause. Both parties rely upon

the cases of *Jonas v. Meyers* (1951), 410 Ill. 213, 223 and *Manion v. Chicago, Rock Island & Pacific Ry. Co.* (1956), 12 Ill.App.2d 1, 23-24. Neither of these cases hold that the testimony of an attorney, in a case which he is trying, is inadmissible or incompetent but do hold that it is to be given little weight. As a matter of policy it should be rarely resorted to and done only when, in the court's discretion, circumstances so necessitate.

■■■ Here, Sreenan was caught by surprise. Only he could rebut attorney Gilbert's testimony. His reaction to the difficult position in which he was placed, while not normally condoned, did not, *per se*, create reversible error. Defendant asserts that the impropriety of the testimony, combined with the fact that "it is impossible to tell how much weight and influence a lawyer's testimony has upon the judge," requires reversal. This claim is unsubstantiated by any evidence in the record and this court will not speculate on the credence given by a trial judge to an attorney's testimony when it was presented in rebuttal of another attorney. We assume, without further comment, that the trial court gave the proper weight to the testimony of both men.

For the reasons stated, the judgment of the trial court will be affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.