Alice M. Perisich, Plaintiff-Appellant, *v.* Rudolph Perisich, Defendant-Appellee.

(No. 56503; 

First District—May 10, 1972.

Nathan & Blum, of Chicago, for appellant.

Albert Koretzky and Edward Whitefield, both of Chicago, for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiff, Alice Perisich, appeals from an order which modified the original divorce decree by sustaining the counter-petition of the defendant, Rudolph Perisich, for a change of custody of their two minor children. On appeal the plaintiff's contentions are:

(1) That the trial court abused its discretion by ordering that the permanent custody of the two minor children of the parties be changed from the mother to the father without a finding of the mother's unfitness nor evidence of a change in circumstances which would warrant such a change of custody; and

(2) That the trial court erred in using a report submitted to it by the Department of Welfare to aid in making its decision.

The facts are as follows:

On January 22, 1969, a decree of divorce was granted and plaintiff was given custody of the two minor children, Lisa age 10 years and Anton, age 4 years. On August 14, 1970, plaintiff filed a post-decree petition for leave of the court to move to Florida with the minor children. On September 4, 1970, defendant answered the petition and counter-petitioned asking for permanent custody of said children. On September 21, 1970,

an order was entered directing the Cook County Department of Welfare to investigate the matter and to file its report with the court. On December 1, 1970, an order was entered denying the plaintiff's petition. On July 19, 1971, a hearing on defendant's counter-petition was held. Defendant testified as to the sleeping habits of plaintiff as related to him by the children; that the children missed several days from school; that defendant's sister would care for the children during the day; and that the children wanted to live with him. Defendant further testified that the plaintiff stayed out all night on occasions when the children were at his house for the overnight visitation.

Excerpts from the November 20, 1970, report submitted by an investigator from the Cook County Department of Welfare stated that the plaintiff's home was cluttered and filthy. The report stated that the plaintiff stayed out all night, frequented bars and had young male friends. The report further stated that the children were good students and were liked by their teachers and many friends. There was no evidence that the children were not properly sent to school.

Plaintiff testified that the investigator visited her for less than an hour and saw only her living room and kitchen which were both clean except for some breakfast dishes in the sink. Plaintiff also testified that the children never expressed a desire to live with their father and that they were well behaved and bright students.

After a hearing the trial court directed that temporary custody of the children be given to the defendant until September 1, 1971. On September 1, 1971, the court ordered that both plaintiff and defendant were fit and proper persons to have custody of the children but that it was in the best interests of the children that they reside with the defendant.

The plaintiff's first contention was that the trial court abused its discretion by ordering that permanent custody of the two minor children of the parties be changed from the mother to the father without a finding of the mother's unfitness nor evidence of a change in circumstances which would warrant such a change of custody.

■■ In *Vysocky v. Vysocky,* 85 Ill.App.2d 306, 230 N.E.2d 3, the Illinois Appellate Court at pages 309-310 said:

"To justify a modification of the decree and a change of custody, the evidence must establish that the parent to whom the children were originally awarded is unfit to retain custody or that a change of conditions makes a change of custody in their best interest. *Stickler v. Stickler,* 38 Ill.App.2d 191, 186 N.E.2d 542 (1962). The party seeking to alter the custody provisions has the burden of proving that the children's best interest requires such a change (*Hirth v. Hirth,* 59

Ill.App.2d 240, 270 N.E.2d 114 (1965)) for the paramount concern must always be the welfare of the children. *Dunning v. Dunning,* 14 Ill.App.2d 242, 144 N.E.2d 535 (1957)."

The trial court found that "both parties are fit and proper persons to have the care, control and custody of the children." Therefore, defendant had the burden of proving altered conditions before the court could modify the custody provisions. This he failed to do.

Defendant testified that the plaintiff stayed out all night frequently and that the children missed several days of school. Later defendant testified that the plaintiff stayed out all night on occasions when the children were with the defendant for the night. The Department of Welfare report stated that there was evidence that the children were properly sent to school and that the children were good students. The Department of Welfare report further stated that plaintiff's home was cluttered and filthy. Plaintiff explained that the Department of Welfare investigator saw dirty dishes in the sink, but that the home was otherwise clean. Two other witnesses testified that the plaintiff kept a clean home and that the children were well taken care of.

■■ Finally, the trial court erred in using a report submitted to it by the Department of Welfare in making its decision. *Scott v. Cohn,* 231 Ill. 556; *Williams v. Williams,* 8 Ill.App.2d 1; *Matter of Dependency of Wayne Allen Rosmis,* 26 Ill.App.2d 226; *Walter v. Walter,* 61 Ill.App.2d 476; *Harris v. Spencer,* 86 Ill.App.2d 41; *Mikrut v. Mikrut,* 113 Ill.App.2d 446.

There is no evidence in the record which shows that it would be in the best interest of the children to be in the defendant's custody. Defendant has not met his burden of proof in that a change of circumstances has not been shown which would warrant such a change of custody.

For the reasons given, the judgment of the Circuit Court of Cook County is reversed.

Judgment reversed.

DIERINGER, P. J., and BURMAN, J., concur.