*In re* RAYMOND SMITH, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* RAYMOND SMITH, Respondent-Appellant.)

(No. 74-238;

Second District (1st Division)—November 6, 1975.

Roger L. Smith, of Reno, Zahm, Folgate, Skolrood, Lindberg & Powell, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Martin Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

Respondent, Raymond Smith, appeals from an order committing him to the Department of Corrections entered after his dispositional hearing under the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—1). On appeal, Smith presents two issues for review: (1) whether the trial court erred in admitting the psychological report on Smith into evidence at the dispositional hearing, and (2) whether the judge exceeded his discretion in questioning Smith.

The record discloses that on March 28, 1974, a petition was filed in the Juvenile Division of the circuit court of Winnebago County alleging that Raymond Smith was a minor otherwise in need of supervision and a delinquent minor because he was under 18 and beyond control of his custodian in that he committed a burglary and theft on March 22, 1974, and on March 25, 1975, committed another burglary, theft and criminal damage to property. An adjudicatory hearing (Ill. Rev. Stat. 1973, ch. 37, par. 704—8) was held on this petition and the trial court made Smith a ward of the court and declared him to be a delinquent minor. On April 29, 1974, a dispositional hearing was held and Smith was ordered committed to the Department of Corrections.

Smith's first contention is that the psychological report made by one William E. Gould on April 8, 1974, should not have been admitted into evidence because it was hearsay. In his brief Smith cites *In re Rosmis* (1960), 26 Ill.App.2d 226, 167 N.E.2d 826, *Williams v. Williams* (1955),

8 Ill.App.2d 1, 130 N.E.2d 291, and *Perisich v. Perisich* (1972), 6 Ill.App.3d 97, 284 N.E.2d 654, as authority for his contention.

■■ After reviewing the law in this area, we conclude that Smith's contention is without merit. The legislature adopted the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 701—1. *et seq.*) and we hold that it controls the disposition of this case. The pertinent part of this act reads as follows:

"(1) After adjudging the minor a ward of the court, the court shall hear evidence on the question of the proper disposition best serving the interests of the minor and the public. *All evidence helpful in determining this question, including oral and written reports, may be admitted and may be relied upon to the extent of its probative value, even though not competent for the purposes of the adjudicatory hearing.* [Emphasis added.] No order of commitment to the Department of Corrections shall be entered against a minor before a written report of social investigation, which has been completed within the previous 60 days, is presented to and considered by the court." (Ill. Rev. Stat. 1973, ch. 37, par. 705—1.)

Our interpretation of this section of the Act, giving the words their plain meaning, is that the legislature intended that the trial court should consider all reports, whether the author testified or not, which the court felt would assist in the determination of what was the proper disposition of the minor. Therefore, it was no error to admit the psychological report into evidence in the dispositional hearing.

The authority relied upon by Smith does not apply to this case. *Rosmis* was decided prior to the enactment of the Juvenile Court Act. Both *Williams* and *Perisich* dealt with the modification of divorce decree with respect to child custody and had nothing to do with the Act.

■■ Smith's second contention is that the trial judge exceeded his discretion in questioning Smith, *viz.*:

"THE COURT: My job is going to be to try to do what is best for you. I am the one guy in this room going to make the decision. And believe me, I want to do what is the best for you. And that isn't easy.

Maybe one of the things that is going to help me decide what really is best for you in the long run is the knowledge of where the hell that gun is.

You don't have to tell me anything. But I am just telling you, it may help you. Where is the gun?

THE WITNESS: I sold it.

THE COURT: Ok, that answers that. Thank you."

The Illinois Supreme Court has stated, in *People v. Wright* (1969), 42 Ill.2d 457, 460, 248 N.E.2d 78, 81, that:

> "We have often held that the propriety of this type of questioning must be determined by the circumstances of each case and rests largely in the discretion of the examining judge. We are of the opinion that the court did not exceed the bounds of propriety since there is nothing in the record to indicate that the examination was conducted in a rude or prejudicial manner, nor was the court's action prejudicial to defendant's case since the cause was tried without a jury and the danger of prejudice thereby lessened. *People v. Palmer*, 27 Ill.2d 311."

This court is of the same opinion in this case. The record discloses that the language of the judge, while colorful, was not prejudicial to the respondent and was not rude, particularly when compared with some of the descriptive phraseology used by the respondent in the hearing. The judgment is affirmed.

Affirmed.

SEIDENFELD, P. J., and HALLETT, J., concur.