THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH V. JOHNSON, Defendant-Appellant.

First District (3rd Division)   No. 78-1997

Opinion filed April 23, 1980.

Ralph Ruebner and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Pamela Louise Gray, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SIMON delivered the opinion of the court:

The defendant, the son of a police officer, was convicted in a bench trial of attempt murder and sentenced to 4 years to 4 years and a day.

The issue raised by the defendant is that the trial judge interrogated him improperly by asking questions which would have been error for the prosecutor to ask. The court's interrogation took place after the defendant was questioned on redirect and subjected to recross-examination.

The defendant's testimony was that he had an altercation on May 14, 1977, with Lavel Stewart, the man he shot 3 days later. Stewart beat him over the head and over his ear with a pistol until he was bleeding profusely. He ran away, and eventually saw a police officer who called a squad car which took him to a hospital where he received emergency treatment and stayed overnight. Instead of telling the police officers and the personnel at the hospital what actually happened, he told them he had been pistol-whipped while he was being robbed by three people. The defendant explained his conduct by stating it had been his experience that when the police are informed, they go and talk to the aggressor and then leave, but the informer is still left living next door to the aggressor who has already attacked with a gun. Three days later when Stewart confronted the defendant, the latter drew a revolver from his waistband and shot Stewart several times. The defendant testified he was afraid for his life and acted in self-defense.

The court's examination of the defendant touched upon various subjects, and some of the judge's questions called for the defendant to repeat essentially the same answers. The court elicited from the defendant that he told his father about the altercation on May 14 but did not tell his father he told a lie to the police or the hospital authorities, that he did not tell his father he was "going to protect [himself] with a gun," and that he did not reveal to his father, the police or the hospital personnel the identity of the person who injured him on May 14. Defendant denied "hiding the matter, keeping it a secret and taking it into his own hands." The trial judge examined the defendant concerning his "regard for law enforcement," and whether he believed in the job his father was doing as a police officer, or believed it was effective. The court asked the defendant if he "didn't think seriously enough of [his] life" to report the incident to his father or the police. Finally, the trial judge asked defendant if two of the State's witnesses who testified as to what the defendant said to Stewart before he shot him were lying. When the defendant answered affirmatively as to one and affirmatively in part as to the other witness, the court asked, "Everybody is lying?" The defendant replied, "Yes."

In oral argument the State conceded that the questions should not have been asked, but pointed out that the defendant's brief had not advanced the argument that the defendant was prejudiced by the

interrogation. Granted, the State urged upon this court, the defendant was humiliated and embarrassed by the court's questions, but it asks how the defendant was harmed.

■■ The defendant neither objected at trial to the judicial conduct of which he now complains nor referred to it in his post-trial motion. The State contends that these omissions preclude defendant from raising the issue for the first time on appeal. We can understand, however, that defense counsel might, in a bench trial where he hoped for a favorable decision, be reluctant to interrupt the court's interrogation for fear this would cause the judge to be angry at the defendant. We also appreciate that, hoping to persuade the trial judge to change his mind or grant a new trial, defense counsel did not want to take a chance of riling the judge by informing him his conduct had exceeded the bounds of propriety. We therefore hold in this case that the defendant has not waived the objection he now presents, and we shall consider defendant's argument on its merits under the Illinois plain error rule, Illinois Supreme Court Rule 615 (Ill. Rev. Stat. 1977, ch. 110A, par. 615).

■■ ■ We do not by the conclusion we reach condone the court's interrogation of the defendant. The interrogation was improper because it was directed to matters which did not bear upon the defendant's guilt, but rather upon his respect for law and his father and also upon the philosophical question of whether any person has the right to take the law into his own hands. Questions seeking the defendant's statement as to whether the State's witnesses were lying should not have been put to him as they asked the defendant to set himself up as the judge of the credibility of another witness. Although the cases relied on by the defendant in which such questions were held to be error were tried before juries (*People v. Graves* (1978), 61 Ill. App. 3d 732, 378 N.E.2d 293; *Ryan v. Monson* (1961), 33 Ill. App. 2d 406, 179 N.E.2d 449), and in one of these, a criminal case, the reviewing court explained its holding by stating the "questions clearly invaded the province of the jury to determine which witnesses * * * are telling the truth" (*Graves*, 61 Ill. App. 3d 732, 747), it is our view that questions of this type are improper even in a bench trial for they add nothing to the witness' testimony or his credibility.

Nevertheless, even though the court's interrogation was improper we fail to perceive how the defendant was prejudiced by the questions put to him. The record is not helpful on that subject, nor does the defendant's brief give us any basis for concluding that the defendant was harmed. There is sufficient evidence in the record to support the trial judge's findings of guilt beyond a reasonable doubt and that the defendant in shooting Stewart 3 days after Stewart's attack upon him was not acting in self-defense, but instead had assumed the role of the aggressor. Although

in a jury setting the court's interrogation might be regarded as demeaning or embarrassing to the defendant and having influenced the jury against him, these considerations did not prevail in a bench trial. (*People v. Wright* (1969), 42 Ill. 2d 457, 460, 248 N.E.2d 78, 81.) At most, the interrogation gave the State and the defendant an idea at almost the very end of the case of how the trial judge viewed the evidence, and the defendant a chance to explain matters the trial judge was apparently having difficulty believing. In view of the evidence in the record, we cannot conclude that the trial court's improper interrogation was prejudicial to the defendant.

Defendant is not assisted by the two decisions on which he places principal reliance. In *People v. Cofield* (1973), 9 Ill. App. 3d 1048, 293 N.E.2d 692, unlike the case before us, the trial judge in a bench trial in effect took over the prosecution of the State's case. After questioning the victim, the judge himself called the police officer who responded to the rape complaint to the stand. Then, interrupting the testimony of the police officer, the trial judge recalled the victim and threatened her with confinement if she did not tell the truth. He also called the victim's mother as a witness as well as two other witnesses for the prosecution.

*People v. Bullard* (1977), 52 Ill. App. 3d 712, 716, 367 N.E.2d 1017, 1020, involved a claim of improper examination of witnesses in a probation revocation hearing. The trial judge examined three female witnesses about their employment, education, drinking, drug use habits, receipt of public aid and association with various types of men. In addition the trial judge characterized some of the defendant's witnesses as "hippie-dippies." The conduct of the judge in *Bullard* is strikingly different from that of the trial judge here. There is a total absence of any branding characterization of the defendant in this case or any concern with the life style and association of the defendant as remote from the offense charged as the inquiry into the life styles and associations of the three witnesses was in *Bullard*.

For the reasons stated above, the conviction of defendant of attempt murder is affirmed.

The defendant raises an additional issue regarding his sentencing. On two separate occasions during these proceedings, the trial judge observed that the minimum term of imprisonment for attempt murder was 4 years. At the time of sentencing, Illinois appellate courts had ruled inconsistently on whether the term for attempt murder was a 4-year minimum term. (See *People v. MacRae* (1977), 47 Ill. App. 3d 302, 314, 361 N.E.2d 685, 693.) But, shortly after the imposition of sentence in this case, the supreme court ruled that the Illinois statutes do not specify a minimum term for attempt murder.

In view of the trial judge's mistaken belief that a minimum sentence

of 4 years was required as a matter of law, this matter must be remanded for a new sentencing proceeding. In reaching this conclusion we have considered *People v. Eddington* (1979), 77 Ill. 2d 41, 48, 394 N.E.2d 1185, 1188-89, but we believe that what took place when the defendant was sentenced was more comparable to what happened in *People v. Moore* (1978), 69 Ill. 2d 520, 524, 372 N.E.2d 666, 668. There is nothing in the record to indicate that had the trial judge not held a mistaken belief about the minimum length of the sentence the defendant still would have received the same sentence. Clearly there is no indication by the trial judge, as there was in *Eddington*, that he did not consider the matter before him a "minimal kind of situation." *Eddington*, 77 Ill. 2d 41, 48.

The conviction of the defendant for attempt murder is affirmed, but the sentence imposed upon the defendant is vacated and this matter is remanded for a new sentencing proceeding.

McNAMARA and RIZZI, JJ., concur.