THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES INGRAM, Defendant-Appellant.

Fourth District   No. 4—84—0751

Opinion filed May 15, 1986.—Rehearing denied July 9, 1986.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Gerald G. Dehner, State's Attorney, of Lincoln (Robert J. Biderman and Rebecca L. White, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, James Ingram, was convicted by a jury of deviate sexual assault (Ill. Rev. Stat. 1983, ch. 38, par. 11—3), and sentenced to 12 years in prison. On appeal, he argues that the trial court erred in denying his motion to suppress evidence obtained during the search of his home and that the sentence was excessive. We affirm.

Following interviews with the defendant and the complainant, Denise Joy Springer, Detective Raymond Vonderahe of the Lincoln police department obtained a search warrant to search the house where the defendant lived and where the crime occurred. The defendant does not question the validity of this warrant.

Dennis W. Dodwell, a crime scene technician with the Department of Law Enforcement, was brought in to conduct the search. Prior to commencing the search, he interviewed the complainant to learn more about the items sought, their probable locations, the layout of the house and the house's contents. He did not read the search warrant, instead relying on his interview of the complainant and his discussions with other law enforcement agents regarding the items sought.

The defendant argues that technician Dodwell's failure to read the warrant and failure to receive adequate instructions regarding its contents, resulted in his flagrant disregard of the limits of the search warrant. Accordingly, the defendant argues that all evidence seized under the warrant should have been suppressed. We cannot

agree.

The State and the defendant rely chiefly on *United States v. Heldt* (D.C. Cir. 1981), 668 F.2d 1238, to support their opposing arguments. In *Heldt*, more than 100 FBI agents searched some 30 rooms and seized between 23,000 and 47,000 separate documents. Only a few supervisory personnel actually read the search warrant. Over 50 of the agents received a detailed briefing before the search began. During the search, 50 additional agents were brought in after receiving a 15 to 20 minute briefing. The court held that in conducting a search of this complexity and magnitude the agents should be familiar with the general nature of the crimes charged and the list of items they are authorized to seize, either through reading the warrant or through adequate instructions or supervision from those in charge. It then found that while the failure to provide the second group with complete instructions approached the limits of constitutional acceptability, the search was not unreasonable where the poorly prepared agents composed less than one-half of the personnel performing the search; were at the scene for less than half the search; were placed in teams with properly instructed agents; were instructed to ask questions of supervisors if there were any questions about whether items were covered by the warrant; and where copies of the warrant and affidavit were made available for examination.

The State argues that technician Dodwell's instructions from other law enforcement agents regarding the contents of the search warrant, his interview with the complainant and his being accompanied by Detective Vonderahe throughout the search comply with *Heldt*. The defendant argues that the facts of the present case contrast sharply with *Heldt*. In this case, the defendant contends, the only agent actually conducting the search had not read the warrant and his only knowledge about the contents of the warrant came from unspecified conversations with other officers. Further, that agent decided what might be of evidentiary value purely from his discussions with the complainant and he made no effort to conform his search to the limits of the warrant.

Our examination of the evidence presented at trial reveals that while technician Dodwell alone conducted the search, he was accompanied at all times by Detective Vonderahe, who had obtained the search warrant and was quite familiar with its contents. He seized only those items coming within the scope of the search warrant, which, unlike in *Heldt*, was quite specific and narrow in scope. The items listed were "a broken fingernail, a small pierced earring, heart-shaped pendant made of frosted glass with a chipped diamond in it, a leather purse

and it's [*sic*] contents, a blue raincoat, a purple angora sweater, a back brace, and any fingerprints left in the residence by Denise Joy Springer and any other physical items left from the person of Denise Joy Springer." Additionally, his interview with the complainant, if it had any effect, made the search less intrusive since he had better descriptions of the items sought, their likely locations and the general layout of the house.

■ On a motion to suppress evidence seized under a valid warrant, the burden of proof is on the defendant. (*People v. Wright* (1969), 42 Ill. 2d 457, 248 N.E.2d 78; *People v. Fragoso* (1979), 68 Ill. App. 3d 428, 386 N.E.2d 409.) Whether a search was reasonably conducted is a decision, in the first instance, for the trial court. That decision will not be overturned unless it is manifestly erroneous. (*People v. Conner* (1979), 78 Ill. 2d 525, 401 N.E.2d 513.) Considering the instant facts in light of our analysis of *Heldt*, we find that the decision of the trial court not to suppress items was supported by the evidence.

The defendant's second argument on appeal is that the complainant's fingerprints found on two pistols should have been suppressed because seizure of the pistols was not authorized under the search warrant.

■ ■ The following additional facts are necessary for our consideration of the defendant's argument. From his interview with the complainant, technician Dodwell knew she had touched two pistols located in a gun case in the defendant's house. The defendant had shown her these guns prior to the attack, but they were not used by him in committing the crime. When asked whether the guns could have been examined on the premises and lifts taken for prints, technician Dodwell testified that it was "possible, not probable." After processing the guns for fingerprints in the police laboratory, the State introduced one into evidence at trial solely to establish that the complainant had been on the premises and left her fingerprints on the pistol.

Law enforcement agents conducting a search may seize an item not described in the search warrant when it has potential evidentiary value as a receptacle of a described item. (See *United States v. Jordan* (S.D. Ill. 1963), 216 F. Supp. 310; *United States v. Reed* (7th Cir. 1984), 726 F.2d 339; *People v. Dorris* (1982), 110 Ill. App. 3d 660, 442 N.E.2d 951.) Items not listed in a search warrant may also be seized when they have a sufficient nexus to the described items and when it is not practical to sort through them on the premises. Thus, in *Marvin v. United States* (8th Cir. 1984), 732 F.2d 669, the court held that

it was reasonable for agents to seize entire patient files rather than sort out the sought-after financial information while at the clinic. Finally, as the *Marvin* court also noted, absent a flagrant disregard for the limitations of the search warrant, unlawful seizure of items outside the warrant will not alone render the whole search invalid and require suppression and return of all documents seized.

■■ We find that the court properly admitted into evidence the fingerprints taken from the seized pistols. The pistols were receptacles of the fingerprints specifically listed in the search warrant. Taking them to the police laboratory for processing served the practical purpose of protecting the fingerprint evidence while protecting the defendant's right to have his home returned to him as quickly as possible. Furthermore, as seizure of the pistols demonstrated no flagrant disregard for the limitations of the search warrant, the fingerprints which they bore and which clearly were described in the warrant, were still admissible.

Our holding leaves no reason to discuss the parties' plain-view-doctrine arguments. Similarly, we need not broach the defendant's arguments concerning the prejudicial effect of the handguns and the insufficiency of the remaining evidence.

■■ The defendant's final argument is that the 12-year sentence was excessive in light of his rehabilitative potential and the hardship it will impose on his family.

Our supreme court has set down strong guidelines for reviewing sentences imposed by a trial court. The trial judge is normally in a better position than the court of review to determine the punishment to be imposed. A reasoned judgment as to the proper sentence must be based on the particular circumstances of each case and depends on many factors. These include the defendant's credibility, demeanor, general moral character, mentality, social environment, habits and age. The trial judge's opportunity to consider these factors is superior to that afforded by the cold record on appeal. Absent an abuse of discretion, a sentence may not be altered upon review. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

■■ Deviate sexual assault is a Class X felony punishable by not less than 6 years nor more than 30 years. (Ill. Rev. Stat. 1983, ch. 38, pars. 11—3, 1005—8—1(a)(3).) The defendant, while only 22 years of age, has prior convictions for arson, criminal damage to property, and battery. Evidence of his rehabilitative potential, which includes helping fight the December 1982 floods and showing respect to customers of his father's wrecking service, is not particularly overwhelming. Likewise, the defendant is not married, and the only evidence of hard-

ship to his family consists of the loss of his help with his father's businesses and in keeping the family car running. Based on the record, we find no abuse of discretion on the part of the trial judge in entering sentence.

Accordingly, the sentence of the circuit court of Logan County is affirmed.

Judgment affirmed.

STOUDER and WOMBACHER, JJ., concur.