FOURTH DIVISION
December 28, 2006

No. 1-06-0156

CHARISSE ROSS,                            )    Appeal from the
                                          )    Circuit Court of
          Plaintiff-Appellant,            )    Cook County.
                                          )
               v.                         )
                                          )
MAURO CHEVROLET, an Illinois              )
Corporation, THE CITY OF CHICAGO, an      )
Illinois Municipality, CHRISTOPHER K.     )
KAPORIS AND BENNY A. PAMBUKU,             )
Individually and as agent for the City    )
of Chicago,                               )    Honorable
                                          )    Kathy M. Flanagan
          Defendants-Appellees.           )    Judge Presiding.


     PRESIDING JUSTICE QUINN delivered the opinion of the court:

     Plaintiff Charisse Ross has filed an interlocutory appeal

from the dismissal of counts III and IV in her third amended

complaint against defendants Mauro Chevrolet, Inc. (Mauro),

Chicago police officers Christopher Kaporis and Benny Pambuku,

and the City of Chicago (City).[1]  On appeal, plaintiff contends

_____

     [1]Two claims alleging negligence and violation of the

Consumer Fraud and Deceptive Business Practices Act (815 ILCS

505/1 et seq. (West 2004)) against Mauro remain pending in the

circuit court.  In addition, plaintiff does not challenge the

dismissal of count V based on section 1983 of the Civil Rights

1-06-0156

that the circuit court erred in dismissing her claims of false arrest, false imprisonment, and malicious prosecution against the officers and the City.

BACKGROUND

The facts of this case are largely undisputed. On October 13, 2003, plaintiff purchased a new 2004 Chevrolet Cavalier from Mauro in Skokie, Illinois. Following the sale, Mauro allegedly placed a temporary registration permit, which had an expiration date of January 31, 2004, in the license plate holder of the vehicle. Mauro told plaintiff that the permit demonstrated that the vehicle was properly registered with the State of Illinois and that she legally owned the vehicle.

About 11:30 p.m. on January 29, 2004, Officers Kaporis and Pambuku saw plaintiff driving her Chevrolet Cavalier near the intersection of Belmont Street and Haggarty Street in Chicago. Upon observing the temporary registration permit affixed to plaintiff's vehicle, the officers determined that it came back as belonging to a different vehicle. As such, plaintiff's display of the unauthorized temporary registration permit constituted a violation of section 4-104(a)(4) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/4-104(a)(4) (West 2004)), which provides in pertinent part:

"It is a violation of this Chapter for:

\*\*\*

Act (42 U.S.C. §1983 (2000)) against the officers and the City.

-2-

(4) A person to display or affix to a vehicle any certificate of title, manufacturers statement of origin, salvage certificate, junking certificate, display certificate, *temporary registration permit*, registration card, license plate or registration sticker not authorized by law for use on such vehicle[.]" [Emphasis added.] 625 ILCS 5/4-104(a)(4) (West 2004).

Due to the observed traffic offense, Officers Kaporis and Pambuku pulled plaintiff over. During the ensuing traffic stop, plaintiff presented the officers with a valid driver's license and proof of insurance for the vehicle. In addition, she showed them a bill of sale from Mauro, which identified the 2004 Chevrolet Cavalier as a vehicle sold to plaintiff, the vehicle identification number, and other cost of transaction items which included an itemized amount paid by her to Mauro for license plates and title costs. Despite plaintiff's production of these documents, the officers decided to arrest her for the observed traffic violation. Thereafter, Officer Pambuku filed a charge against plaintiff for the misdemeanor violation. As a result of the arrest, plaintiff's vehicle was impounded, and she was incarcerated overnight before being released the next day on her own recognizance.

On March 30, 2004, the circuit court of Cook County

dismissed the criminal case against plaintiff. Thereafter, plaintiff filed a five-count complaint on November 3, 2004, in which she alleged (1) negligence against Mauro, (2) violation of the Consumer Fraud and Deceptive Business Practices Act against Mauro, (3) false imprisonment against the officers and the City, (4) false imprisonment against solely the City, and (5) a violation of section 1983 (42 U.S.C. §1983 (2000)) against the officers, individually, and the City.

On February 7, 2005, plaintiff filed a first amended complaint to add Sharp Chevrolet, LLC, a successor in interest to Mauro, as a defendant. Subsequently, she filed a second amended complaint on March 10, 2005, to remove claims of bodily injury.

On March 24, 2005, the officers and the City filed a joint motion to dismiss counts III, IV, and V of plaintiff's second amended complaint pursuant to sections 2-615 (735 ILCS 5/2-615 (West 2004)) and 2-619(a)(9) (735 ILCS 5/2-619(a)(9) (West 2004)) of the Illinois Code of Civil Procedure (Code). Therein, defendants argued that plaintiff's failure to sufficiently plead that the officers acted with willful and wanton conduct entitled them to dismissal pursuant to section 2-615 of the Code. In addition, defendants argued that dismissal was appropriate under section 2-619 of the Code because Officers Kaporis and Pambuku had probable cause to arrest plaintiff, which provided them immunity under the Local Governmental and Governmental Employees Tort Immunity Act (Immunity Act). Defendants also contended that

the officers' establishment of probable cause provided them with qualified immunity against the section 1983 claims.

On July 1, 2005, the circuit court granted defendants' motion to dismiss counts III, IV, and V of plaintiff's second amended complaint pursuant to section 2-615 of the Code. The court, however, allowed plaintiff 21 days to refile her complaint.

On July 22, 2005, plaintiff filed her third amended complaint. Therein, she claimed in count III that the officers willfully and wantonly arrested and imprisoned her without probable cause, and that the City was responsible on the basis of *respondeat superior* pursuant to section 9-102 of the Immunity Act (745 ILCS 10/9-102 (West 2004)). In count IV, plaintiff stated a claim of malicious prosecution against Officer Pambuku and the City where she alleged that Officer Pambuku initiated prosecution against her despite the officers' lack of probable cause. Finally, in count V, plaintiff stated a section 1983 claim against the officers, individually, and the City.

On August 12, 2005, the officers and the City filed another joint motion to dismiss counts III, IV, and V pursuant to section 2-615 of the Code. On August 17, 2005, the circuit court granted the motion as to count V and denied it as to counts III and IV.

Subsequently, on September 13, 2005, the officers and the City filed a motion to dismiss counts III and IV pursuant to section 2-619(a)(9) of the Code. Officers Kaporis and Pambuku

argued that section 2-202 of the Immunity Act (745 ILCS 10/2-202 (West 2004)) protected them from liability because their conduct was not willful and wanton where they possessed probable cause to arrest plaintiff. The officers further argued that sections 2-201 (745 ILCS 10/2-201 (West 2004)), 2-204 (745 ILCS 10/2-204 (West 2004)), and 2-208 (745 ILCS 10/2-208 (West 2004)) of the Immunity Act also protected them. Based on the officers' alleged immunity, the City argued that it was not liable to plaintiff.

Following the parties' exchange of responses in which they set forth many of the arguments they advance in this court, the circuit court granted defendants' motion to dismiss on December 16, 2005. The court determined that plaintiff had admitted to a violation of section 4-104(a)(4) of the Illinois Vehicle Code (625 ILCS 5/4-104(a)(4)(West 2004)), and that she had merely argued that she lacked intent to violate the statute. The circuit court thus found that the officers had probable cause to arrest and prosecute plaintiff. In making its ruling, the circuit court concluded that the officers had no duty to search the Secretary of State's records to determine ownership of the vehicle prior to arresting plaintiff. Based on those conclusions, the court held that the officers were immune from liability under sections 2-202 and 2-208 (745 ILCS 10/2-202, 208 (West 2004)) of the Immunity Act. Consequently, the court concluded that the City was also not liable to plaintiffs under section 2-109 of the Immunity Act (745 ILCS 10/2-109 (West

1-06-0156

2004)).[2] Plaintiff now appeals the dismissal of counts III and IV.

                              ANALYSIS

This appeal arises from the circuit court's ruling granting defendants' section 2-619(a)(9) motion to dismiss counts III and IV of plaintiff's third amended complaint. A motion to dismiss pursuant to section 2-619(a)(9) raises an " 'affirmative matter avoiding the legal effect of or defeating the claim.' " Krueger v. Lewis, 359 Ill. App. 3d 515, 520 (2005), quoting 735 ILCS 5/2-619(a)(9)(West 2004). A section 2-619 motion admits the legal sufficiency of the complaint but raises other defects or defenses that defeat the claims therein. Lewis, 359 Ill. App. 3d at 520. We review a circuit court's ruling on a section 2-619 motion *de novo*. Lewis, 359 Ill. App. 3d at 521.

We first address plaintiff's claims in count III of her third amended complaint, which allege false arrest and false imprisonment. To establish either a claim of false arrest or false imprisonment, a plaintiff must show that she " 'was restrained or arrested by the defendant[s], and that the

_____

[2]In dismissing plaintiff's claim against the City, the circuit court cites section 9-102 of the Immunity Act (745 ILCS 10/9-102) (West 2004)) under which the City would have been liable. However, it is section 2-109 of the Immunity Act (745 ILCS 10/9-102 (West 2004)) that provides the City is not liable where its employees are not liable.

1-06-0156

defendant[s] acted without having reasonable grounds to believe that an offense was committed by the plaintiff.' " Reynolds v. Menard, Inc., 365 Ill. App. 3d 812, 819 (2006), quoting Meerbrey v. Marshall Field & Co., 139 Ill. 2d 455, 474 (1990). Essentially, a plaintiff has to show that she was unreasonably restrained without probable cause. Reynolds, 365 Ill. App. 3d at 819.

Here, the record shows that Officers Kaporis and Pambuku saw plaintiff driving her vehicle in violation of section 4-104(a)(4) (625 ILCS 5/4-104(a)(4)(West 2004)), a Class A misdemeanor (625 ILCS 5/4-104(b)(3) (West 2004)). In response, the officers conducted a valid traffic stop (Whren v. United States, 517 U.S. 806, 810, 135 L. Ed. 2d 89, 95-96, 116 S. Ct. 1769, 1772 (1996); People v. Shepherd, 242 Ill. App. 3d 24, 29 (1993)), which plaintiff concedes was supported by probable cause given the officers' observation.

During the ensuing traffic stop, plaintiff did not contest the invalidity of temporary registration permit affixed to her vehicle. Further, the record contains no mention of plaintiff alleging during the stop that Mauro was responsible for affixing the permit to her vehicle. Rather, plaintiff simply presented documentation that showed that she had purchased the vehicle from Mauro. Given those circumstances, we conclude that Officers Kaporis and Pambuku could have reasonably believed that plaintiff had violated section 4-104(a)(4) of the Vehicle Code, and thus

-8-

1-06-0156

they had sufficient probable cause to arrest plaintiff pursuant to their statutory authority (725 ILCS 5/107-2(1)(c) (West 2004)). See People v. Cox, 202 Ill. 2d 462, 477 (2002) (Thomas, J., dissenting) (police had statutory right to arrest the defendant where his vehicle did not have a rear registration light (625 ILCS 5/12-201(c) (West 2004)); People v. Mendez, 322 Ill. App. 3d 103, 109-110 (2001) (police had statutory right to arrest defendant who was driving without his license (625 ILCS 5/6-112 (West 2004)). Although our supreme court has analogized a traffic stop to an investigatory stop under Terry v. Ohio, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968), and has encouraged officers to provide a warning or citation in lieu of arresting an offender (People v. Cox, 202 Ill. 2d 462, 468 (2002)), the United States Supreme Court has held that the fourth amendment does not prohibit the warrantless arrest for a minor traffic offense even if punishable only by a fine (Atwater v. City of Lago Vista, 532 U.S. 318, 354, 149 L. Ed. 2d 549, 577, 121 S. Ct. 1536, 1557 (2001); 725 ILCS 5/107-2(1)(c)(West 2004)).

In concluding that the officers conducted a valid arrest, we reject plaintiff's contention that Officers Kaporis and Pambuku erroneously converted their justification for stopping her for a traffic violation into an arrest without probable cause. The gist of plaintiff's argument on appeal is that Officers Kaporis and Pambuku failed to establish that she knowingly committed the charged offense and thus did not have probable cause to arrest

-9-

her. Although in her reply brief plaintiff objects to the characterization of her argument as requiring the establishment of *mens rea* for a finding of probable cause, we find the substance of her arguments to suggest otherwise.

As defendants assert, plaintiff devotes a significant portion of her opening brief to her argument that section 4-104(a)(4) of the Vehicle Code (625 ILCS 5/4-104(a)(4) (West 2004)) does not constitute an absolute liability statute and, thus, the officers had to determine whether she knowingly violated it in order to establish probable cause to arrest her. For support, plaintiff relies on People v. Gean, 143 Ill. 2d 218 (1991), People v. Tolliver, 147 Ill. 2d 397 (1992), and People v. Wright, 194 Ill. 2d 1 (2000).

In Gean, our supreme court held that sections 4-104(a)(1) (625 ILCS 5/4-104(a)(1)(West 2004)) and 4-104(a)(2)(625 ILCS 5/4-104(a)(2)(West 2004)) of the Vehicle Code are not absolute liability offenses but, rather, require the State to establish a defendant's intent to commit those offenses by showing her knowledge that her conduct was unlawful. The supreme court subsequently modified the intent requirement for a violation of section 4-104(a)(2) in Tolliver and Wright to require knowledge plus criminal intent. Plaintiff, however, fails to recognize that the holdings in Gean, Tolliver, and Wright concerned the State's burden of proving the defendants' *mens rea* in order to sustain their convictions in criminal proceedings. Since the

-10-

case at bar concerns the establishment of probable cause to effectuate an arrest and not the determination of guilt in a criminal proceeding, we find Gean, Tolliver, and Wright do not provide persuasive authority in support of plaintiff's argument.

Plaintiff further argues that probable cause did not exist for her arrest because documents showed that she bought the Chevrolet Cavalier from Mauro, which was statutorily responsible for affixing a temporary registration permit to her vehicle (625 ILCS 5/5-401.2(a-1) (West 2004)). As such, plaintiff asserts that had the officers examined those documents and confirmed her purchase of the vehicle, they would not have reasonably believed that she intended to violate section 4-104(a)(4).

"Police are entitled to act on information that may be inaccurate and let the courts determine whether to credit a suspect's claim of innocence." Hernandez v. Sheahan, 455 F.3d 772, 775 (7th Cir. 2006), citing Askew v. Chicago, 440 F.3d. 894 (7th Cir. 2006); Gramenos v. Jewel Companies, Inc., 797 F.2d 432 (7th Cir. 1986). "All the police need is probable cause, which is well short of certainty. Like a grand jury, see United States v. Williams, 504 U.S. 36, 112 S. Ct. 1735, 118 L. Ed. 2d 352 (1992), police may act on the basis of inculpatory evidence without trying to tote up and weigh all exculpatory evidence." Sheahan, 455 F.3d at 775.

Pursuant to this line of cases, we agree with defendants that Officers Kaporis and Pambuku had no duty to verify the

validity of the documents concerning plaintiff's purchase of her vehicle. Nonetheless, even if the officers had verified the documents' validity, and thus had found plaintiff properly owned the vehicle, those documents neither excused the placement of an unauthorized temporary registration permit on her vehicle nor informed the officers that plaintiff did not know that her vehicle had an unauthorized temporary registration permit affixed to it.

Moreover, we distinguish People v. Lee, 214 Ill. 2d 476 (2005), upon which plaintiff relies to contest the existence of probable cause to arrest her. In Lee, the defendant was convicted of the unlawful possession of a controlled substance with intent to deliver after the arresting officers recovered cocaine from his person following a warrantless arrest based on the defendant's alleged violation of a Joliet drug-loitering ordinance. Our supreme court reversed that conviction, however, where it determined that the officers did not observe the defendant engage in any drug related activity and, thus, despite an informant's phone call regarding drug transactions on the street corner where defendant was arrested, the officers lacked probable cause to arrest him for violating the drug-loitering ordinance. Conversely, in the case at bar, Officers Kaporis and Pambuku saw plaintiff commit the offense for which they arrested her when they saw her driving a vehicle with an unauthorized temporary registration permit in violation of section 4-104(a)(4)

of the Vehicle Code, and thus they had a reasonable belief that defendant had committed the offense.

Finally, we reject plaintiff's argument that the circuit court committed plain error by stating in its ruling that she admitted to violating section 104-4(a)(4) of the Vehicle Code. Although the circuit court's ruling appears to have mischaracterized plaintiff's failure to contest the invalidity of the temporary registration permit affixed to her vehicle as an admission of guilt, the error is harmless given the record supporting the officers' probable cause to arrest plaintiff (725 ILCS 5/107-2(1)(c) (West 2004) ("A peace officer may arrest a person when: *** (c) [h]e has reasonable grounds to believe that the person is committing or has committed an offense")).

We next address plaintiff's claim of malicious prosecution. In doing so, we initially note that Illinois does not favor a suit for malicious prosecution due to the public policy interest in the exposure of crime. Reynolds, 365 Ill. App. 3d at 819. That said, to establish a claim of malicious prosecution, a plaintiff must show (1) the commencement or continuation of an original criminal or civil proceeding by defendants, (2) termination of the proceeding in favor of plaintiff, (3) the absence of probable cause for the proceeding, (4) the presence of malice on defendants' part, and (5) damages resulting to plaintiff. Reynolds, 365 Ill. App. 3d at 818-819.

With respect to probable cause as an element of malicious

prosecution involving criminal proceedings, this court has defined it as " 'a state of facts that would lead a person of ordinary caution and prudence to believe, or entertain an honest and strong suspicion, that the person arrested committed the offense charged.' " Johnson v. Target Stores, Inc., 341 Ill. App. 3d 56, 72 (2003), quoting Rodgers v. Peoples Gas, Light & Coke Co., 315 Ill. App. 3d 340, 348 (2000). "It is the state of mind of the one commencing the prosecution, and not the actual facts of the case or the guilt or innocence of the accused, that is at issue." Johnson, 341 Ill. App. 3d at 72, quoting Rodgers, 315 Ill. App. 3d at 348. Further, "a mistake or error that is not grossly negligent will not affect the question of probable cause in an action for malicious prosecution when there is an honest belief by the complainant that the accused is probably guilty of the offense." Johnson, 341 Ill. App. 3d at 72. There is no need to verify the veracity of each item of information obtained; one need only act with reasonable prudence and caution in proceeding. Johnson, 341 Ill. App. 3d at 72.

As stated, we have determined that the officers had probable cause to arrest plaintiff. Further, we find that no intervening event occurred between the officers' arrest of plaintiff for the traffic offense and Officer Pambuku's filing of the misdemeanor charge against plaintiff for the offense that would have contradicted their probable cause finding. As such, the officers' probable cause to arrest plaintiff proves fatal to her

claim of malicious prosecution. <u>Johnson</u>, 341 Ill. App. 2d at 80 (noting that although the probable cause standard for an arrest-"reasonable grounds"-differs from the probable cause standard in a criminal proceeding-"honest and strong suspicion"-they are, "for all purposes, equal").

Given our determinations as to probable cause, we find that plaintiff cannot sustain her claims against Officers Kaporis and Pambuku. Section 2-202 of the Immunity Act provides, in pertinent part, "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act constitutes willful and wanton conduct." 745 ILCS 10/2-202 (West 2004). The Immunity Act defines willful and wanton conduct as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210 (West 2004).

Here, our conclusions that Officers Kaporis and Pambuku had probable cause to arrest plaintiff and that probable cause supported Officer Pambuku's filing the misdemeanor charge against plaintiff clearly negate plaintiff's allegations that the officers acted in a willful and wanton manner. As such, section 2-202 of the Immunity Act provides the officers with immunity from any liability resulting from their interaction with plaintiff following the observed offense.

Consequently, the officers' immunity renders plaintiff's

claim against the City moot since it is premised on the officers' liability.  <u>LaMonte v. City of Belleville</u>, 41 Ill. App. 3d 697, 705 (1976), citing 745 ILCS 10/2-109 (West 2004).

CONCLUSION

For the above reasons, we affirm the judgement of the circuit court of Cook County dismissing counts III and IV of plaintiff's third amended complaint.

Affirmed

CAMPBELL and NEVILLE, JJ., concur.