(No. 106122.—■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. NATHAN D. MEOR, Appellant.

*Opinion filed June 4, 2009.*

Michael J. Pelletier, State Appellate Defender, Patricia Unsinn, Deputy Defender, and Kathleen M. Flynn,

Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant.

Lisa Madigan, Attorney General, of Springfield, and Anita Alvarez, State's Attorney, of Chicago (James E. Fitzgerald, Assistant State's Attorney, of counsel), for the People.

JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Thomas, Kilbride, Garman, and Karmeier concurred in the judgment and opinion.

## OPINION

Following a bench trial in the circuit court of Cook County, the defendant, Nathan Meor, was convicted of one count of criminal sexual abuse (720 ILCS 5/12—15(c) (West 2004)) for committing, at the age of 19, an act of sexual penetration with S.J., aged 15. On appeal, defendant contended that the circuit court erred when it refused his request to instead impose a conviction for battery as a lesser-included offense of criminal sexual abuse. The appellate court rejected this contention, holding that battery was not a lesser-included offense in this case because the criminal complaint by which defendant was charged did not contain any language "which indicated, or from which it can be inferred, that the sexual penetration was of an insulting or provoking nature, as required by the battery statute." Accordingly, the appellate court affirmed the judgment of the circuit court. No. 1—06—3580 (unpublished order under Supreme Court Rule 23). We allowed defendant's petition for leave to appeal. 210 Ill. 2d R. 315(a). We now affirm the judgment of the appellate court, though on different grounds.

## Background

Defendant was charged by criminal complaint in the circuit court of Cook County with one count of criminal sexual abuse under section 12—15(c) of the Criminal Code of 1961 (720 ILCS 5/12—15(c) (West 2004)). Section 12—15(c) provides:

"(c) The accused commits criminal sexual abuse if he or she commits an act of sexual penetration or sexual conduct with a victim who was at least 13 years of age but under 17 years of age and the accused was less than 5 years older than the victim." 720 ILCS 5/12—15(c) (West 2004).

The complaint by which defendant was charged stated that defendant, on or about March 18, 2005,

"committed the offense(s) of Criminal Sexual Abuse in that he committed an act of sexual penetration with [S.J.], who was at least 13 years of age but under 17 years of age when the act was committed, in that the defendant placed his penis in the vagina of [S.J.] and the defendant was less than five years older than [S.J.]"

At trial, evidence established that defendant and S.J. were students at the same high school. In the afternoon of March 18, 2005, defendant picked up S.J. from soccer practice and took her to his home where he lived with his grandparents. At defendant's home, S.J. took a shower, got dressed and then watched television with defendant on his bed. After a short while, the two began to kiss and, thereafter, defendant committed an act of sexual penetration by placing his penis in S.J.'s vagina.

In a statement given to police and introduced at trial, defendant stated that he was 19 at the time he committed the act of sexual penetration with S.J. and that he "was aware that [S.J.] was fourteen or fifteen years old." S.J. testified that she was 15 years old on March 18, 2005, and that she had told defendant how old she was "multiple times."

At the conclusion of closing argument, defense counsel briefly asked that defendant "be found not guilty of the criminal sexual abuse and found guilty of simple

battery." However, the circuit court, without mentioning the possibility of imposing a conviction for battery, found defendant guilty of criminal sexual abuse. Defendant was sentenced to eight days in jail and ordered to register as a sex offender.

Defendant thereafter filed a posttrial motion. At a hearing on the motion, the circuit court indicated, *sua sponte*, its intent "to reduce the charge itself to battery." The State objected, arguing that battery was not a lesser-included offense of criminal sexual abuse. Defense counsel responded that the court could find defendant guilty of battery "[w]hether it was charged or not." The circuit court then denied defendant's posttrial motion, but stated that it was willing to allow defendant to cite additional authority on the issue of whether battery was a lesser-included offense of criminal sexual abuse. However, no further authority was proffered by defendant.

On appeal, defendant argued that the circuit court erroneously declined to impose a conviction for battery because it incorrectly determined that battery was not a lesser-included offense of criminal sexual abuse. Defendant also maintained that his trial counsel was ineffective in failing to provide the additional authority requested by the circuit court.

In determining whether battery was a lesser-included offense of criminal sexual abuse, the appellate court looked to the charging instrument in this case, as required by *People v. Kolton*, 219 Ill. 2d 353, 361 (2006), to determine whether it set forth the broad foundation of the offense of battery. According to the appellate court, the complaint by which defendant was charged did not contain any language "which indicated, or from which it could be inferred," that the physical contact at issue, *i.e.*, the sexual penetration, was of an insulting or provoking nature, as required under the battery statute (720 ILCS

5/12—3(a)(2) (West 2004)). Thus, in the appellate court's view, the charging instrument did not contain a broad foundation of the offense of battery and, under the circumstances presented, battery was not a lesser-included offense of criminal sexual abuse.

Because the appellate court determined that battery was not a lesser-included offense of criminal sexual abuse, the appellate court rejected defendant's argument that trial counsel was ineffective for failing to convince the circuit court otherwise and affirmed the judgment of the circuit court. This appeal followed.

## Analysis

In general, a defendant may not be convicted of an offense for which he has not been charged. *People v. Hamilton*, 179 Ill. 2d 319, 323 (1997). However, in appropriate cases, a defendant is entitled to have the judge or jury consider offenses that are "included" in the charged offense. *Hamilton*, 179 Ill. 2d at 323. Such a practice provides " 'an important third option to a jury which, believing that the defendant is guilty of something but uncertain whether the charged offense has been proved, might otherwise convict rather than acquit the defendant of the greater offense.' " *Hamilton*, 179 Ill. 2d at 232, quoting *People v. Bryant*, 113 Ill. 2d 497, 502 (1986), citing *Keeble v. United States*, 412 U.S. 205, 212-13, 36 L. Ed. 2d 844, 850, 93 S. Ct. 1993, 1997-98 (1973).

As he did before the appellate court, defendant argues here that the circuit court erroneously refused to consider and impose a conviction for battery as a lesser-included offense of criminal sexual abuse. Defendant notes that both battery and criminal sexual abuse are Class A misdemeanors (see 720 ILCS 5/12—3(b), 12—15(d) (West 2004)) and acknowledges that he is seeking a conviction for battery to avoid the obligation of registering as a sex offender (see 730 ILCS 150/2, 3 (West 2004)).

An "included offense" is defined by statute as an offense which "is established by proof of the same or less

than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." 720 ILCS 5/2—9(a) (West 2004). In determining whether an offense is an included offense we employ the charging instrument approach set forth in *People v. Kolton*, 219 Ill. 2d 353 (2006):

> "[U]nder the charging instrument approach, whether a particular offense is 'lesser included' is a decision which must be made on a case-by-case basis using the factual description of the charged offense in the indictment. A lesser offense will be 'included' in the charged offense if the factual description of the charged offense describes, in a broad way, the conduct necessary for the commission of the lesser offense and any elements not explicitly set forth in the indictment can reasonably be inferred." *Kolton*, 219 Ill. 2d at 367.

The battery statute provides, in pertinent part:

> "A person commits battery if he intentionally or knowingly without legal justification and by any means *** makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12—3(a)(2) (West 2004).

In this case, there is no dispute that the complaint alleged intentional physical contact by defendant. See *Kolton*, 219 Ill. 2d at 369, citing *People v. Terrell*, 132 Ill. 2d 178, 209 (1989) ("sexual penetration" describes an intentional act of a sexual nature). Further, there is no dispute that, although the battery statute states that the physical contact must be "without legal justification," a lack of legal justification is not an element of the offense of battery and need not be pled by the State. See, *e.g.*, *People v. Sambo*, 197 Ill. App. 3d 574, 582 (1990); *People v. Hussey*, 3 Ill. App. 3d 955, 957 (1972). Instead, the parties' dispute hinges on whether the complaint alleges contact of an "insulting or provoking nature." As noted, the appellate court concluded that battery was not a lesser-included offense because the complaint did not allege insulting contact. We disagree with this reasoning.

The criminal sexual abuse statute provides that, within certain age limits and with applicable age differences, an act of sexual penetration constitutes criminal conduct. This type of conduct, made criminal for reasons of public policy, is necessarily insulting or offensive. That is, the State of Illinois has deemed an act of sexual penetration that falls within the criminal sexual abuse statute, including the act of sexual penetration at issue here, to be inherently insulting as a matter of law. See, e.g., *People v. Pinta*, 210 Ill. App. 3d 1071, 1076 (1991) ("We believe that sexual contact which is nonconsensual or with a child is of an insulting nature"); *Silveira v. Santos*, 490 A.2d 969, 973 (R.I. 1985) (sexual penetration with a person under the age of consent is "made offensive" by operation of law and, therefore, constitutes "offensive contact" for purposes of determining whether a battery occurred). The complaint at issue here, on its face, broadly alleges an intentional contact of an insulting nature. Proof of the same facts required to establish the commission of the offense charged, criminal sexual abuse, also prove a battery. Accordingly, in this case, battery is an "included offense" of criminal sexual abuse within the meaning of the included offense statute (720 ILCS 5/2—9(a) (West 2004)).

Nevertheless, it is clear that the circuit court did not err in refusing defendant's request to impose a conviction for battery because, although battery is an "included" offense of criminal sexual abuse, it is not a lesser-included offense of that crime. The rule is settled that the lesser-included offense doctrine "does not apply where the two offenses in a particular case involve the same issues of disputed fact." *People v. Cramer*, 85 Ill. 2d 92, 98 (1981). As we have noted:

" '[A] lesser-offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses. [Citations.] In other words, the lesser offense must be

included within but not, on the facts of the case, be completely encompassed by the greater. A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense.' " *Cramer*, 85 Ill. 2d at 99-100, quoting *Sansone v. United States*, 380 U.S. 343, 349-50, 13 L. Ed. 2d 882, 888, 85 S. Ct. 1004, 1009 (1965).

The facts in *Cramer* are illustrative. In *Cramer*, the defendant was convicted of the theft of a truck having a value of more than $150. Evidence at trial established that the defendant had taken and driven the truck. However, there was some dispute as to whether the defendant had intended to return the truck or whether he meant to "permanently deprive the owner of [its] use and benefit," as required under the theft statute. On appeal, the defendant asserted that the dispute regarding his intent in taking the truck entitled him to an instruction on the offense of possession of a stolen motor vehicle under section 4—103(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 4—103(a)). That section provided that it was unlawful to possess a vehicle "knowing it to have been stolen." According to the defendant, he was entitled to the instruction on the ground that possession of a stolen motor vehicle was a lesser-included offense of theft.

This court rejected the defendant's argument. We observed that the term "stolen" in section 4—103(a) "obviously refers to a theft" and, further, that there was no evidence that the truck had been taken by anyone other than defendant. *Cramer*, 85 Ill. 2d at 100. Thus, if the defendant were found guilty of possession of a stolen vehicle, he would also have been guilty of theft. Stated otherwise, the facts on which the jury could have found the defendant guilty of possession of a stolen vehicle were the same ones necessary to convict him of theft. Because the charged offense did not require the jury to

find an additional factual element that was unnecessary for the "lesser" offense, we concluded that the lesser-included offense doctrine did not apply. *Cramer*, 85 Ill. 2d at 100-01.

The principles set forth in *Cramer* are applicable here. The complaint at issue charged defendant with committing one act of sexual penetration with a person "at least 13 years of age but under 17 years of age when the act was committed," where the defendant was "less than five years older than" the person. As noted, this act of sexual penetration, by operation of law, is "insulting contact" within the meaning of the battery statute. However, there is no additional disputed factual element that must be found for the charged offense that is unnecessary for the "lesser" offense. The charged act of sexual penetration is the same act necessary to convict defendant of criminal sexual abuse. Therefore, on the same facts which the circuit court could have found defendant guilty of battery, the court could also have found defendant guilty of criminal sexual abuse. In these circumstances, the lesser-included offense doctrine does not apply. *Cramer*, 85 Ill. 2d at 100-01.

It is not unusual for conduct to fall under more than one criminal statute. See, *e.g.*, *People v. Davison*, 233 Ill. 2d 30 (2009) (possession of anhydrous ammonia with intent to manufacture methamphetamine falls under section 20.5—6(a) of the Criminal Code of 1961 (720 ILCS 5/20.5—6(a) (West 2004)), as well as section 25 of the Methamphetamine Control and Community Protection Act (720 ILCS 646/25(a)(1) (West 2006)). In this case, the act of sexual penetration at issue constitutes both battery and criminal sexual abuse. Thus, the State could have elected to charge defendant with battery. However, absent disproportionate penalties (see *People v. Lewis*, 175 Ill. 2d 412, 422-23 (1996); *People v. Christy*, 139 Ill.

2d 172, 180 (1990)),[1] it is a matter of prosecutorial discretion to choose under which statute to proceed. See *People v. Alksnis*, 291 Ill. App. 3d 347, 355 (1997). Here, the State elected to charge defendant with criminal sexual abuse. Accordingly, defendant was not entitled to have the circuit court impose a conviction for battery as a lesser-included offense of criminal sexual abuse, and the circuit court did not err in refusing defendant's request to do so. It therefore follows that trial counsel was not ineffective for failing to provide the circuit court with authority demonstrating that battery is a lesser-included offense of criminal sexual abuse.

### Conclusion

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed.*

---

[1]Both battery and criminal sexual abuse are Class A misdemeanors. 720 ILCS 5/12—3(b), 12—15(d) (West 2004). Further, although a defendant convicted of criminal sexual abuse must register as a sex offender (see 730 ILCS 150/2, 3 (West 2004)), the registration requirement is not a criminal penalty. See *People v. Cornelius*, 213 Ill. 2d 178, 206-09 (2004).