In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-3556

DYTANIEL MCBRIDE and
ENGLEWOOD TP CORPORATION, INC.,

*Plaintiffs-Appellants,*

*v.*

BRIAN E. GRICE and CITY OF PEORIA, ILLINOIS,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 06 C 1188—**John A. Gorman**, *Magistrate Judge*.

ARGUED JULY 7, 2009—DECIDED AUGUST 11, 2009

Before POSNER, KANNE, and SYKES, *Circuit Judges*.

PER CURIAM.   Dytaniel McBride sued police officer
Brian Grice and the City of Peoria, Illinois, under 42 U.S.C.
§ 1983 and state law, for events stemming from an alleg-
edly unlawful arrest. A magistrate judge, proceeding
with the parties' consent, granted summary judgment for
the defendants. The judge concluded that the undisputed

evidence established that Grice had probable cause to arrest McBride for battery. McBride appeals, and we affirm the judgment.

## I. Background

McBride's solely owned corporation operates a clothing store, Tha Place, located in Peoria. On October 9, 2004, McBride had a disagreement with an employee, Lushonda Guyton, who responded by calling him a shyster and telling customers not to spend their money in his store. McBride activated the store's alarm to summon the police, and then he took it upon himself to physically remove Guyton from the store. After a scuffle, McBride successfully ejected Guyton from the store, and she headed home. On the way home, Guyton changed her mind, called the police herself, and returned to the store to meet the police in the parking lot. Officer Grice responded to the alarm and arrested both McBride and Guyton after interviewing each and watching part of a security video.

The State's Attorney dismissed the charges against McBride a year later, and McBride then initiated this lawsuit claiming that Officer Grice violated his Fourth and Fifth Amendment rights (as well as state law) by arresting him and filing a complaint without probable cause. McBride also named the City of Peoria in his state-law claims under a theory of respondeat superior. In his

complaint,[1] McBride asserted that it became necessary to remove Guyton from his store because she was throwing clothes onto the floor, turning over clothes racks, and breaking clothes hangers while shouting profanities at him. By his account, he removed her without harming her by placing both arms around her, lifting her up, and escorting her out. McBride alleged that he explained these circumstances to Grice and showed him a surveillance video corroborating his version of events, but, according to McBride, the officer "intentionally and falsely stated in his police report that the video images of the encounter between McBride and Guyton were unclear," leading to his allegedly unlawful arrest and prosecution.

The defendants answered the complaint and, after discovery, moved for summary judgment. They argued that all of McBride's claims are foreclosed because Officer Grice had probable cause to arrest him for battery. Grice related in a deposition that when he first arrived at the store he spoke to McBride, who acknowledged that an argument between himself and Guyton had escalated into a physical altercation. McBride showed Grice a scratch on his arm that he attributed to Guyton. Grice recalled that he next went to the parking lot to interview Guyton, who told him that McBride had hit her on the left side of her head with a closed fist and

---

[1] McBride named his corporation as a co-plaintiff, but the business has no claims of its own and is irrelevant to this appeal.

had dragged her out of the store. Grice recounted that Guyton's left eye had some minor swelling and that there was a small scratch on her forehead. At that point, Grice explained, he went back into the store where McBride showed him the video recording from one of the store's security cameras.

That video, which is part of the evidence at summary judgment, does not show McBride striking Guyton, but the combatants were not always in range of the camera. Grice testified at his deposition that in watching the video he saw Guyton come into view as she fell onto the floor at the bottom of the screen and that, as she was falling, McBride was stepping towards her from off-screen into the camera's view. According to the defendants, Guyton can be seen in the video getting up from the floor and then touching her forehead and looking into a mirror. They argued that a reasonable officer could have concluded that McBride had struck Guyton and caused her to fall, and that she was checking the mirror to see if she had been injured. Grice then noted that the two were out of range of the camera again, but a little later he saw clothes racks falling over as McBride was dragging Guyton out of the store. Grice added that the act of dragging Guyton against her will could also be characterized as insulting conduct constituting a battery.

In response to the defendants' motion for summary judgment, McBride argued that Illinois law, 720 ILL. COMP. STAT. 5/7-3, gave him the right to escort a disruptive person out of his store and that a different video from a second camera clearly shows the entire incident.

He stated in his deposition that Officer Grice refused to watch the second video, which, according to McBride, would have demonstrated to the officer that he had acted lawfully. McBride also pointed to Guyton's deposition in which she said that she fell because she resisted McBride's effort to push her towards the door. According to McBride, the altercation ended after he "came up behind Guyton, wrapped his arms around her so she could not resist, picked her up, and walked her to the door" or, in other words, he "gave Guyton a bear hug, lifted her up lightly, and walked her 15 feet to the door." McBride faulted Grice's investigation, arguing that the officer closed his eyes to facts that would have shown there was no probable cause to arrest him.

In reply, the defendants asserted that nothing would have changed if Officer Grice had watched the second video, which McBride introduced as an exhibit. According to the defendants, both videos contradict McBride's version of events. The defendants also contended that the videos actually show McBride engaging in unreasonable conduct that exceeds the bounds permitted by Illinois law.

In granting summary judgment for the defendants, the magistrate judge observed that the image quality of the two videos is too poor to establish the accuracy of either version of events. But the remaining undisputed evidence, according to the judge, shows that Officer Grice developed probable cause to arrest McBride for battery. And once Grice had probable cause, the judge added, the officer had no duty to watch a second video or otherwise continue investigating.

## II. Analysis

On appeal Smith vigorously argues that Officer Grice, not himself, bore the burden of persuasion on the issue of probable cause, and he faults the magistrate judge for not holding Grice to his purported burden. According to McBride, it was up to Grice to submit evidence establishing the existence of probable cause, whereas, McBride insists, the magistrate judge thought it was his burden to show the absence of probable cause. In support, McBride cites to *Jacobs v. City of Chicago*, 215 F.3d 758, 770-71 (7th Cir. 2000), in which we held that, on the facts alleged in the complaint in that case, the police-officer defendants could not rely on qualified immunity as a ground for dismissal on a motion under Federal Rule of Civil Procedure 12(b)(6). The plaintiffs had alleged that the officers searched their apartment without a valid warrant, and their complaint included no factual allegations suggesting the existence of exigent circumstances or another exception to the warrant requirement. *Id.* at 768, 770. In concluding that the complaint was sufficient to state a claim under § 1983, the *Jacobs* panel observed that, in this context, "the burden is on the Defendant Officers to show that they had probable cause." *Id.* at 770.

McBride offers no reason why *Jacobs* would apply to his case, and he is altogether silent about other decisions that reject his position. In this circuit the allocation of the burden of persuasion in a § 1983 case claiming a Fourth Amendment violation is clear: a plaintiff claiming that he was arrested without probable cause carries the

burden of establishing the absence of probable cause. *See Woods v. City of Chi.*, 234 F.3d 979, 996 (7th Cir. 2000) ("[I]n order to survive summary judgment, [the plaintiff] needed to raise a genuine issue regarding whether the officers had probable cause to arrest him."); *Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993) ("In order to prevail in an unlawful arrest action, the plaintiff must show lack of probable cause."); *see also Parsons v. City of Pontiac*, 533 F.3d 492, 500 (6th Cir. 2008) ("In order for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause."), *cert. denied*, 129 S. Ct. 2432 (2009); *Beck v. City of Upland*, 527 F.3d 853, 864 (9th Cir. 2008) ("Ordinarily . . . the plaintiff bears the burden of proving the absence of probable cause . . . in a Fourth Amendment false arrest case. Proving lack of probable cause is usually essential to demonstrating that the plaintiff's Fourth Amendment rights were violated."); *Vance v. Wisel*, 110 F.3d 1269, 1278-79 (7th Cir. 1997) (holding that plaintiff in § 1983 suit bears burden of proving that his oral and written consents to search car were involuntary, even though police officers would bear burden in criminal case).

Similarly, McBride is also incorrect in arguing that Officer Grice bore the burden of establishing the existence of probable cause on the state-law claims. The case he cites, *McKendree v. Christy*, 172 N.E.2d 380, 381-82 (Ill. App. 1961), was interpreting an Illinois statute authorizing police officers to make warrantless arrests for crimes committed outside their presence only if "a criminal offense has in fact been committed" and the arresting officer "has reasonable ground for believing that the

person to be arrested has committed it." ILL. REV. STAT., ch. 38, ¶ 657 (1963) (repealed 1964). The current statute omits the language limiting warrantless arrests for unobserved crimes to situations where a crime "has in fact been committed," and instead requires only that the arresting officer have probable cause to believe that the person taken into custody has committed an offense. *See* 725 ILL. COMP. STAT. 5/107-2; *Ross v. Mauro Chevrolet*, 861 N.E.2d 313, 317 (Ill. App. 2006) ("[A] plaintiff has to show that she was unreasonably restrained without probable cause."); *People v. Tyler*, 471 N.E.2d 968, 974 (Ill. App. 1984) ("'Reasonable grounds' and 'probable cause' are synonymous for purposes of arrest."). Now under Illinois law a plaintiff claiming an illegal arrest bears the burden of establishing the absence of probable cause. *See Ross*, 861 N.E.2d at 317 ("To establish . . . a claim of false arrest . . . , a plaintiff must show that she was . . . arrested by the defendants, and that the defendants acted without having reasonable grounds to believe that an offense was committed by the plaintiff." (internal quotation marks and citation omitted)).

As for the merits of the defendants' motion for summary judgment, McBride offers no reason for us to doubt that the undisputed facts known to Officer Grice supported the officer's assessment of probable cause; Guyton, after all, had told Grice that McBride had punched her in the head, and she confirmed in her deposition that she told Grice that McBride had hit her. McBride insists, however, that further investigation would have led Grice to realize that probable cause was actually

lacking because he was justified in evicting an unruly trespasser. *See* 720 ILL. COMP. STAT. 5/7-3. McBride contends that the magistrate judge incorrectly concluded that Grice was not obligated to consider defenses before making an arrest, and asserts that affirmative defenses are part of the facts and circumstances that an officer must consider. In addition, he submits that the judge erred by concluding that Grice did not have to interview the customers at the store or view all available videos of the incident before making an arrest.

Once again McBride simply fails to acknowledge settled law. Probable cause is an absolute bar to a § 1983 claim for false arrest. *Montano v. City of Chi.*, 535 F.3d 558, 568 (7th Cir. 2008); *Reynolds v. Jamison*, 488 F.3d 756, 765 (7th Cir. 2007); *Case v. Eslinger*, 555 F.3d 1317, 1326-27 (11th Cir. 2009). A police officer has probable cause to arrest if a reasonable person would believe, based on the facts and circumstances known at the time, that a crime had been committed. *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *Woods*, 234 F.3d at 995-96. Normally, an officer may base a determination of probable cause on information from the putative victim if the officer reasonably believes that the victim is telling the truth. *Beauchamp v. City of Noblesville*, 320 F.3d 733, 743 (7th Cir. 2003); *Gramenos v. Jewel Cos.*, 797 F.2d 432, 439 (7th Cir. 1986); *Peng v. Mei Chin Penghu*, 335 F.3d 970, 978-79 (9th Cir. 2003); *Ahlers v. Schebil*, 188 F.3d 365, 370-71 (6th Cir. 1999). An officer should pursue reasonable avenues of investigation and may not close his eyes to facts that would clarify the situation, but once an officer has established probable cause, he may end his investigation. *Hodgkins ex rel.*

*Hodgkins v. Peterson*, 355 F.3d 1048, 1061 (7th Cir. 2004); *BeVier v. Hucal*, 806 F.2d 123, 127-28 (7th Cir. 1986); *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023-24 (9th Cir. 2009); *Logsdon v. Hains*, 492 F.3d 334, 341 (6th Cir. 2007), *cert. denied*, 129 S. Ct. 35 (2008). In Illinois, a person commits a battery if he intentionally or knowingly without legal justification (1) causes bodily harm to another or (2) makes physical contact of an insulting or provoking nature. 720 ILL. COMP. STAT. 5/12-3. The existence of a legal justification for a battery is not an element of the offense, but rather is an affirmative defense. *People v. Meor*, No. 106122, 2009 WL 1578527, at *3 (Ill. June 4, 2009); *Simmons*, 26 F.3d at 654 (citing Illinois law). Although Officer Grice "may not ignore conclusively established evidence of the existence of an affirmative defense," the Fourth Amendment imposes no duty to investigate whether a defense is valid. *Hodgkins*, 355 F.3d at 1061; *Humphrey v. Staszak*, 148 F.3d 719, 724 (7th Cir. 1998); *Fridley v. Horrighs*, 291 F.3d 867, 874 (6th Cir. 2002).

Here, Guyton told Officer Grice that McBride had hit her in the head, and Grice saw that her eye was slightly swollen and that she had a small scratch on her forehead. These facts certainly establish reason to believe that McBride had intentionally made physical contact with Guyton and caused her bodily harm or made provoking contact. *See Simmons*, 26 F.3d at 654 (noting that victim's testimony may establish probable cause). At summary judgment McBride submitted no evidence suggesting that Grice had reason to doubt Guyton's statements, and Grice had more than Guyton's statements to go on: he saw Guyton's injuries and watched the two of them

physically struggling on the video. And therefore, because Grice had probable cause to believe that McBride had committed a battery, he had no obligation to continue his investigation.

But even if Officer Grice had watched the second video, we cannot see how that exercise would have changed his view of events. Although the second video shows more of the struggle leading up to Guyton's fall, it does not depict how the struggle began or who did what. Even in conjunction with the first video, there are gaps in which McBride and Guyton are out of sight, and so the absence of footage of him striking her does not conclusively establish that the blow to Guyton's head did not happen exactly as she described to Grice. The unwatched video does not show Guyton tossing around clothes as McBride accused her of doing, nor does it show McBride picking up Guyton in a bear hug and "gently" carrying her outside. The video does, however, show the two of them arguing and physically struggling. At one point McBride does have his arms around Guyton, but she wriggles out of his grasp. She finally leaves when he takes hold of her arm and pulls her to the door (knocking over clothes racks in the process). Even if McBride had the right to evict Guyton, the videos do not conclusively establish the that amount of force he used was reasonable, and therefore Grice was not obligated to consider the defense. *See Gramenos*, 797 F.2d at 439 ("There is no constitutional or statutory requirement that before an arrest can be made the police must conduct a trial." (citation omitted)).

### III. Conclusion

For the above reasons, we agree with the magistrate judge that McBride failed to establish the existence of a genuine issue of material fact concerning whether Officer Grice had probable cause to arrest him for battery. The magistrate judge properly granted summary judgment in favor of the defendants, and accordingly, the judgment is AFFIRMED.