NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 17, 2010[*]
Decided January 7, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 10-1511

| | |
|---|---|
| WILLIE BROWN,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>VILLAGE OF ROMEOVILLE,<br>ILLINOIS, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 08 C 1577<br><br>James F. Holderman,<br>*Chief Judge.* |

**O R D E R**

Willie Brown claims in this action arising under 42 U.S.C. § 1983 and state law that two Romeoville, Illinois, police officers arrested him and seized his car without probable cause. Brown had been charged with disorderly conduct after the occupants of another car accused him of "road rage," but the criminal charge was dismissed when none of the prosecutor's witnesses appeared for trial. Brown then initiated this litigation against the Village of Romeoville, its chief of police, and the arresting officers. The district court

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

granted summary judgment for the defendants, *Brown v. Vill. of Romeoville*, No. 08 C 1577, 2010 WL 431474, at *1 (N.D. Ill. Feb. 1, 2010), and Brown appeals.  We affirm the judgment.

Brown, who is African American, alleged in his amended complaint that he was driving in Romeoville when a white motorist shouted racial slurs and gestured offensively as he passed her car.  Afterward, Brown contended, two Romeoville police officers pulled him over and said that the other driver and her adult daughter, a passenger, had called 911 and wanted to file complaints.  After listening to Brown's explanation, the officers arrested him, searched his car, and had the car towed despite Brown's request that his wife be allowed to drive it home.

In support of their motion for summary judgment, the defendants submitted depositions from the complaining witnesses, affidavits from the arresting officers, and a copy of Romeoville's automobile-impoundment policy.  According to the defendants, Amy Bova, the passenger in her mother's car, had called 911 to report that the driver ahead of her—later identified as Brown—had nearly caused an accident by stopping erratically.  The operator dispatched two officers and related Bova's story to the officers while they traveled to the scene.  The officers pulled over Brown, and one officer told him that Bova wanted to file a complaint.  Brown acknowledged overtaking and passing Bova and her mother, but denied engaging in offensive behavior.  The officer then spoke with the women, who told him that Brown had stopped suddenly in the middle of the road, exited his car, and approached their car shouting profanities.  In his opposition to the defendants' motion, Brown conceded that Bova had told the arresting officers that she feared for her safety because Brown had exited his car, approached her and her mother, and swore at them.

The district court concluded that summary judgment was appropriate on Brown's federal and state claims arising from his arrest and prosecution because the undisputed evidence established that the Romeoville officers had probable cause to arrest him for disorderly conduct.  The court rejected Brown's argument that the two women's allegations, even if true, could not constitute disorderly conduct.  The district court also concluded from the undisputed evidence that the officers acted reasonably in having Brown's car towed from the shoulder of a busy road in a construction zone.

On appeal Brown contends that it was error to grant summary judgment because, he says, facts essential to the determination of probable cause remain in dispute.  Our review is de novo, and we evaluate the evidence in the light most favorable to Brown, the non-moving party.  *See Johnson v. Scott*, 576 F.3d 658, 660 (7th Cir. 2009).

The existence of probable cause bars a claim that police unlawfully seized a plaintiff in violation of the Fourth Amendment. *Stokes v. Bd. of Educ. of City of Chi.*, 599 F.3d 617, 622 (7th Cir. 2010). Probable cause exists if the facts and circumstances known to the arresting officers would lead a reasonable person to believe that a crime has been committed. *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007). More than "bare suspicion" is required, but the police do not need enough evidence to establish that their "belief is more likely true than false." *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000) (quotation marks and citation omitted). If the arresting officer did not witness the criminal conduct, that officer may rely on information provided by a reasonably credible eyewitness or victim so long as the information, taken as true, establishes the commission of a crime. *Holmes,* 511 F.3d at 680; *see Askew v. City of Chicago,* 440 F.3d 894, 895 (7th Cir. 2006).

In Illinois, disorderly conduct occurs when a person knowingly commits "any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace." 720 ILL. COMP. STAT. 5/26-1 (2010); *see also* ROMEOVILLE, ILL., CODE CH. 134, § 134.01(B)(1) (2010). The offense is a misdemeanor, which at common law required the officer to witness the criminal act before making a warrantless arrest. *See United States v. Watson*, 423 U.S. 411, 418-19 (1976). But we held in *Woods*, 234 F.3d at 995, that a warrantless arrest for a misdemeanor not witnessed by the arresting officer does not violate the Fourth Amendment. Brown conceded at summary judgment that Bova had told the police that Brown stopped his car abruptly, exited his car, and began to approach the women while swearing. And he did not dispute that the women had called 911 and told the police that they feared for their safety. These undisputed facts support the district court's conclusion that the officers had probable cause to arrest Brown for disorderly conduct. *See Biddle v. Martin*, 992 F.2d 673, 677 (7th Cir. 1993); *People v. Davis*, 413 N.E.2d 413, 415 (Ill. 1980); *People v. Andersen*, 479 N.E.2d 1164, 1174 (Ill. App. Ct. 1985); *People v. Townsel*, 260 N.E.2d 117, 119 (Ill. App. Ct. 1970).

The existence of probable cause also defeats Brown's state-law claims of false arrest and malicious prosecution. In Illinois an arrest is "false" only if it is made without probable cause, *Meerbrey v. Marshall Field & Co.*, 564 N.E.2d 1222, 1231 (Ill. 1990); *Ross v. Mauro Chevrolet*, 861 N.E.2d 313, 317 (Ill. App. Ct. 2006), and state law, like the Fourth Amendment, dispenses with the common-law rule that a police officer cannot make a warrantless arrest for a misdemeanor unless the act occurred in his presence. *Woods*, 234 F.3d at 995 n.8, 996. Similarly, in Illinois an action for malicious prosecution requires proof that the defendant commenced or continued a criminal proceeding without probable cause. *Holmes*, 511 F.3d at 681-82; *Ross*, 861 N.E.2d at 319.

   Finally, Brown asserts in his opening brief that the district court erroneously concluded that the police lawfully seized his car, but the contention is not developed or supported by any legal authority and thus is waived.  *See Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 682 n.6 (7th Cir. 2008); *Kramer v. Banc of Am. Sec.*, 355 F.3d 961, 964 n.1 (7th Cir. 2004).

                                                                                                      AFFIRMED.