NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 23, 2014[*]
Decided January 23, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 13-2401

| | |
|---|---|
| JASON L. EDMONSON, <br> *Plaintiff-Appellant,* | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| v. | No. 12-C-889 |
| CHARLES DESMOND and POLLY <br> OLSON, <br> *Defendants-Appellee*s. | William C. Griesbach, <br> *Chief Judge*. |

**O R D E R**

Jason Edmonson sued two police officers from the City of Appelton, Wisconsin, Charles Desmond and Polly Olson, alleging that, in response to his live-in girlfriend's allegations of sexual assault, they arrested him without probable cause, unlawfully

---

[*] After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

conducted a search, and interrogated him without *Miranda* warnings. The district court denied Edmonson's requests to recruit counsel and for leave to amend his complaint. It then granted the defendants' motion for summary judgment. Because the district court did not abuse its discretion in denying counsel and leave to amend, and Edmonson identifies no substantive error on the merits, we affirm.

The procedural history is straightforward. After the officers timely answered Edmonson's complaint, the district court set March 7, 2013, as the discovery cut-off, and April 8, 2013, as the deadline for dispositive motions. *See* FED. R. CIV. P. 16(b). About six weeks before the discovery closed, Edmonson moved for recruitment of counsel under 28 U.S.C. § 1915(e)(1). He asserted without elaboration that his case was legally complex and would turn on issues of credibility. He added that he was incarcerated and not a lawyer. The district court denied the motion, reasoning that "at this stage" the quality of Edmonson's filings demonstrated his competency to represent himself, the legal issues were not complex, and that non-lawyer inmates can conduct discovery.

After discovery closed the parties filed cross-motions for summary judgment. During the next two months, and more than four months after the officers had answered the complaint, Edmonson twice moved to amend his complaint. Challenging the legality of the same incident, he sought to add claims against more defendants and include allegations of a conspiracy and a municipal policy of allowing unlawful arrests and interrogations. The district court denied both motions, reasoning that Edmonson's proposed amended complaint would not survive a motion to dismiss because it contained only conclusory statements and Edmonson had not shown good cause to file an amended complaint after the deadline set under Rule 16(b)(4).

The evidence presented on the motions for summary judgment, construed in Edmonson's favor, is as follows. Edmonson's live-in girlfriend, Lori Fleming, told Desmond and Olson that Edmonson broke into her locked bedroom, refused to leave, beat her, and raped her. Olson observed that her injuries were consistent with her story, and Desmond arranged to have Edmonson arrested for battery, false imprisonment, disorderly conduct, and sexual assault. After Desmond read Edmonson his *Miranda* warnings, Edmonson initially sought to remain silent, but after Desmond spoke with him further, he waived his rights and gave a videotaped statement. Meanwhile, with Fleming's consent, the police searched their joint home. A jury convicted Edmonson of battery and false-imprisonment and acquitted him of sexual assault and disorderly conduct. After an appeal and remand of the false-imprisonment conviction, Edmonson pleaded no contest to that charge.

The district court granted the defendant's motion for summary judgment. The court reasoned that Fleming's complaint of a sexual attack and Olson's observations of her physical injuries constituted probable cause to arrest Edmonson. It also explained that Fleming had consented to the search of their home and Edmonson's post-*Miranda* statements had not been used to convict him.

On appeal Edmonson first challenges the district court's decision to deny his motion to recruit counsel. Relying on *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986), Edmonson insists that he was incompetent to litigate his claims because, he says, this case turns on credibility and the legal issues were too complex for him to grasp. As the district court correctly noted, however, the issue is not the truthfulness of the victim's story, *see Gramenos v. Jewel Cos., Inc.,* 797 F.2d 432, 439 (7th Cir. 1986), but whether "the officer reasonably believes that the victim is telling the truth." *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009)*; see also Woods v. City of Chicago,* 234 F.3d 979, 997 (7th Cir. 2000). Edmonson does not explain upon whose credibility the objective reasonableness of Desmond's belief in Fleming's story depends. But even if he had, Edmonson demonstrated adequate competence to litigate the issue at summary judgment because his complaint, motions, and discovery requests were not only coherent, but they cited relevant law and made appropriate arguments. *See Pruitt v. Mote,* 503 F.3d 647, 655, 60 (7th Cir. 2007) (en banc). True, Edmonson ultimately lost his case, but even a competent litigant can lose. *See id.* Thus, in balancing the nature of the case against Edmonson's skills, the district court properly exercised its discretion in denying his motion.

Edmonson next insists that the district court abused its discretion in denying motions to amend his complaint. He contends that the court improperly analyzed his motions under the "good cause" standard of Rule 16(b)(4) instead of Rule 15(a). Applying Rule 15(a), he argues, the court should have granted his motions because he had not yet amended his complaint, the defendants had not moved to dismiss the complaint, and the court had never found that his original complaint was deficient. Edmonson misunderstands that rule. Under Rule 15(a)(1) Edmonson could have amended his complaint once as a matter of course within 21 days of serving it or 21 days after the officers served their answer. But more than 3 months had passed since the officers answered; thus the time for amendments as a matter of course had passed. Moreover, the deadline for discovery and dispositive motions had also passed. Therefore, the district court correctly determined that Edmonson first had to show good cause to modify the scheduling order before the general standard of Rule 15(a)(2) could apply. *See* FED. R. CIV. P. 16(b)(4); *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011); *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Edmonson has not offered any reason, let alone a good one, why he waited more than a

month after the close of discovery to file his motions to amend. *See Alioto*, 651 F.3d at 720; *Trustmark*, 424 F.3d at 553. Therefore the district court did not abuse its discretion in denying his motions.

Finally, Edmonson challenges the district court's decision to grant the defendant's motion for summary judgment, insisting that the court failed to consider the facts in the light most favorable to him. But Edmonson has not identified any fact that the court supposedly misconstrued or any material issue that is genuinely disputed. He merely cites the general rules about summary judgment without applying them to the particulars of his case. An appellant must support his contentions with reasons, authority, and citations to the record. FED. R. APP. P. 28(a)(8)(A). We will not scour the record to make his argument for him. *See Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1001 (7th Cir. 2004). We therefore have no reason to disturb the grant of summary judgment.

We have considered Edmonson's remaining arguments, and none merits further discussion. Therefore, we AFFIRM the judgment of the district court.