NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 14, 2013[*]
Decided November 15, 2013

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-2013

| | |
|---|---|
| KENNETH MORRIS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 09 C 4247 |
| CITY OF CHICAGO, et al., | |
| *Defendants-Appellees.* | James B. Zagel, |
| | *Judge.* |

**O R D E R**

Kenneth Morris sued the City of Chicago and three Chicago police officers for false arrest under 42 U.S.C. § 1983 and malicious prosecution under Illinois law after being acquitted of a burglary charge and having another burglary charge dismissed by the prosecutor. The district court granted the defendants' motion for summary

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

judgment, finding that the officers had probable cause to arrest and prosecute Morris. We affirm the district court's judgment.

Two victims of separate burglaries viewed arrays of photographs provided by Chicago police officers, and both fingered Morris as the perpetrator. After Morris was arrested, the victims viewed live lineups, and again, both picked Morris. Before viewing a photo array or live lineup, the victims were required to sign an "advisory form" documenting their understanding that the array or lineup may not include the suspect, that they need not identify anyone, and that they did not assume that the administering officer knew the suspect's identity.

This lawsuit arises out of a snafu with these advisory forms. After one of the victims signed an advisory form and then selected Morris from a live lineup, Detective Michael Tobin filled out a second advisory form, signed the victim's name himself on the signature line, and placed the form in the court's file. He testified at trial that placing the form in the court's file was inadvertent; he said he meant to put the form into a personal file as a reminder that the victim had signed one. The jury, perhaps uncomfortable with this blunder, acquitted Morris of burglarizing that victim's home, and the prosecutor later dismissed the burglary charge relating to other victim's home with an unexplained *nolle prosequi* motion.

Morris retained counsel to file this lawsuit, but during discovery the court allowed the lawyer to withdraw after he said, without elaboration, that he believed continuing to represent Morris would violate the rules of professional conduct and Rule 11 of the Federal Rules of Civil Procedure.

The court permitted additional discovery but ultimately granted summary judgment against Morris. In the court's view, his claims were barred by probable cause because the victims had identified him in both the photo arrays and live lineups, and the police officers had no reason to discredit those identifications.

Morris asserts on appeal that the district court erred by not instructing him on proper filing procedures; we construe this assertion as challenging the sufficiency of the notice he received about the consequences of failing to respond properly to a motion for summary judgment. *See Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982); *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992). The defendants sent Morris a notice that largely tracked the form notice adopted in the Northern District of Illinois, *see* N.D. Ill. LR 56.2, explaining how to oppose summary judgment and instructing him to submit evidence if he

disputed the defendants' version of the facts. They did not, however, include the text of Federal Rule of Civil Procedure 56. *See Lewis*, 689 F.2d at 102; *Timms*, 953 F.2d at 285. And worse, they began their notice by telling Morris that, for purposes of summary judgment, they agreed with the allegations in his complaint and that they based their motion on how the law applies to the facts he alleged. Those assertions weren't true: Morris alleged that the charges against him were based on false information included in police reports, and the defendants did not accept those facts for purposes of summary judgment. This flawed notice potentially could have misled Morris to think that he was not required to submit evidence to support his allegations.

But reversal is not required unless flawed notice actually results in prejudice, *see Timms*, 953 F.2d at 286; *Kincaid v. Vail*, 969 F.2d 594, 599 (7th Cir. 1992), and the flaws in the defendants' notice do not appear to have misled Morris or otherwise hindered his ability to oppose summary judgment. Morris didn't rest on the allegations of his complaint; after receiving the notice, he submitted a variety of documents to oppose summary judgment, including a response, a "reply" in further support, three of his own affidavits reiterating his version of the facts, enlarged copies of the signatures from the victims' advisory forms, and a proposed statement of facts. Nor does he argue that he was misled or that he would have submitted additional evidence if the defendants' notice hadn't been flawed. *See Kincaid*, 969 F.2d at 599.

We also understand Morris to argue that the district court was wrong to find probable cause without first performing handwriting analysis of all the advisory-form signatures. He appears to believe that there was no probable cause and that the officers forged all of the signatures on the advisory forms in order to bring charges against him. But nothing on the face of the signatures shows that they were forged, and Morris produced no evidence to suggest that they were. *See* FED. R. CIV. P. 56(c), (e); *BPI Energy Holdings, Inc. v. IEC (Montgomery), LLC*, 664 F.3d 131, 135 (7th Cir. 2011). Moreover, information from victims is normally enough to establish probable cause, *see McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009); *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 743 (7th Cir. 2003), and both burglary victims confirmed, under oath, that they had identified Morris in the photo arrays and live lineups (and that they had signed advisory forms). Morris submitted nothing to dispute the victims' testimony or to suggest that the police officers did not reasonably believe the victims when they arrested and charged him with burglary.

Finally, Morris asserts that the district court erred by not granting his request near the end of briefing for an order directing the defendants to give him copies of their

case files relating to his lawsuit. But Morris does not explain why the district court should have granted this broad request or what documents he needed from the defendants but failed to obtain. General assertions of error are insufficient on appeal, even for a pro se appellant. *See* Fed. R. App. P. 28(a)(9)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

AFFIRMED.